Albina PAULINO *v.* Charles L. DANIELS,
Director of Labor

CA 80-56                                    599 S.W. 2d 760
Court of Appeals of Arkansas
Opinion delivered May 28, 1980
Released for publication June 18, 1980

Appellant, *pro se.*

*Herrn Northcutt*, for appellee.

JAMES H. PILKINTON, Judge. This is an unemployment compensation case. The appellant, who was the claimant below, has appealed to this court from a decision of the Arkansas Employment Security Board of Review which determined that her appeal to that board was not timely filed.

The record shows that the decision of the Appeals

Tribunal was mailed on December 20, 1979, and claimant's appeal to the Board of Review was filed on January 7, 1980. The appeal was not, therefore, filed with the Board of Review until after the expiration of the 15 days allowed by law.

Section 6(d)(2) of the Arkansas Employment Security Act [Ark. Stat. Ann. § 81-1107 (d)(2)] reads, in part, as follows:

> The claimant, the Director of Labor or any other party entitled to notice, may file an appeal from a determination made by the Agency with an Appeal Tribunal or with any office of the Employment Security Division within 15 days after the date of mailing to his last known address, or if such notice is not mailed, within 15 days after the date of delivery of such notice.

> If mailed, an appeal shall be considered to have been filed as of the date of the postmark on the envelope. Provided, that if it is determined by an appeals tribunal or the Board of Review that the appeal if not perfected within the fifteen (15) days period as a result of circumstances beyond the appellant's control, such appeal may be considered as having been filed timely.

Section 6(d)(3) of the Arkansas Employment Security Act reads, in part, as follows:

> The Board of Review may, on its own motion, within the time specified in paragraph (2) of this subsection, initiate a review of the decision of the appeal tribunal or determination of a special examiner or may allow an appeal from such decision on application filed within such time by any party entitled to notice of such decision.

In disposing of this case, the Board of Review in addition to finding that the appeal was late also specifically found, as a matter of fact, that claimant's failure to file a timely appeal was *not* a result of circumstances beyond her control. In this court, on appeal, the appellant attempts to explain her

reasons for the delay in filing her appeal to the Board of Review as follows:

(a) On December 28, 1979, Friday PM, when I received the notice of dismissal, Appeal #80-BR-69, no appropriate form was enclosed.

(b) On January 2, 1980 AM, I informed Ms. Goodson and Mr. Slaydon of ESD that I received the Notice of Appeal Dismissal on December 28, 1979. They both promised to mail me the necessary form as soon as possible.

(c) On January 4, 1980 AM, I again called Ms. Goodson and Mr. Slaydon that I have not received the appeal form because I do not want to be late in filing the petition for appeal to the Board of Review. They assured me that I can still file the following Monday, January 7, 1980, and also promised me that they will explain the cause of the delay before the board of review.

It is apparent that appellant in the comments quoted above is referring to Employment Security Division Form ARK-BR-100 (Rev. 5-77) entitled *Petition for Appeal to the Board of Review* which has been adopted by the agency for such appeals. It is also apparent that the Christmas and New Year holidays were included in the 15 days involved insofar as appellant was concerned. It is also clear from the record that the Board of Review, without notice or hearing simply accepted the dates involved as conclusive and then found that the board had no authority to consider the appeal since the decision of the Appeal Tribunal had become final. The appeal was dismissed as untimely filed.

Although the appeal was admittedly filed late with the Board of Review, there is no substantial evidence in this record to support the finding of the board that the failure to file a timely appeal was not a result of circumstances beyond the appellant's control. As already noted, the decision of the Board of Review was based solely on the dates involved and nothing else. We do not find the dates alone to be substantial evidence under the circumstances here. There is no doubt

that the filing was late. The real question raised is why it was late. As far as the record in this case indicates, appellant was not afforded any opportunity before the Board of Review to be heard on her contention that the late filing was due to circumstances beyond her control. Although appellant in her petition to this court sets out the alleged reasons for the late filing in the Board of Review, it would not be proper for this court on appeal to pass on this issue of fact. That is the duty and responsibility of the Board of Review as the fact-finding body. *Harris* v. *Daniels*, 263 Ark. 897, 567 S.W. 2d 954 (1978). As appellant was given no opportunity before the Board of Review to attempt to explain the lateness of her appeal to that body, and in view of the fact that there is no substantial evidence in this record to support the finding of the board that the failure to file a timely appeal was *not* a result of circumstances beyond the appellant's control, due process requires that claimant-appellant be afforded a hearing on her contentions. This cause is therefore reversed and remanded with directions that appellant be afforded an opportunity to be heard on her contention that the late filing was the result of circumstances beyond her control.