Mary NICHOLS *v.* Dewey STILES, DIRECTOR
OF LABOR

E 84-7                                          668 S.W.2d 554

Court of Appeals of Arkansas
Division I
Opinion delivered May 9, 1984

Appellant, *pro se.*

*Alinda Andrews,* for appellee.

DONALD L. CORBIN, Judge. Appellant, Mary Nichols, appeals a decision of the Board of Review affirming the action of the Appeal Tribunal which affirmed an Agency determination denying benefits and reducing her base period wages pursuant to Ark. Stat. Ann. § 81-1106(a) and § 81-1104(h) (Supp. 1983). This action was predicated on the basis that appellant's appeal to the Appeal Tribunal was untimely filed pursuant to the authority of Ark. Stat. Ann. § 81-1107(d)(2) (Supp. 1983). We affirm.

The record reflects that appellant quit her employment with J.J.'s Truck Stop on July 15, 1983, in order to get married and move with her spouse to New Mexico. The notice of the Agency determination was mailed on Sep-

tember 12, 1983, and appellant filed her appeal on October 17, 1983. A telephone hearing was held on November 9, 1983, before the Appeal Tribunal. Pursuant to *Paulino* v. *Daniels,* 269 Ark. 676, 599 S.W.2d 760 (Ark. App. 1980), appellant was afforded this opportunity to establish why the late filing was the result of circumstances beyond her control. Appellant testified that after receiving the Agency determination, she stepped up her search for work. She stated that her appeal was untimely because of this concentrated effort to secure employment. This clearly is not an acceptable defense.

We note that Ark. Stat. Ann. § 81-1106(a) was amended by Act 482 of 1983 to disallow benefits to a claimant who voluntarily leaves his or her last work to accompany a spouse to a new place of residence unless he or she has done so prior to July 1, 1983. Thus, it would appear that appellant would have been disqualified under this amended Act because she left her employment on July 15, 1983.

Affirmed.

COOPER and CRACRAFT, JJ., agree.