Dayna L. LAWSON *v.* Elizabeth BROOKS, Acting
Director of Labor

E 88-195                 779 S.W.2d 185

Court of Appeals of Arkansas
Division II
Opinion delivered September 13, 1989

*Appellant,* pro se.

*Bruce H. Bokony,* for appellee.

JAMES R. COOPER, Judge. The appellant in this Employment Security Division case appeals from the Board of Review's dismissal of her appeal from a decision of the Appeal Tribunal. We reverse and remand.

The record shows that the Appeal Tribunal found that the appellant had been discharged from her last employment on February 25, 1988, for misconduct connected with the work, and was therefore disqualified from receiving benefits. The decision of the Appeal Tribunal was mailed to the appellant on June 15, 1988. On October 4, 1988, the appellant filed a petition for appeal to the Board of Review. This petition was untimely under Ark. Code Ann. § 11-10-524(c) (1987), which requires that an appeal from the decision of the Appeal Tribunal be initiated within twenty days of the date that the Appeal Tribunal's decision is mailed to the parties. By a letter dated October 24, 1988, the Board informed the appellant that her appeal was untimely and that she would be afforded a hearing to determine whether the late filing was due to circumstances beyond her control. The letter also notified the appellant that the hearing, scheduled for 10:30 a.m. on November 15, 1988, would be conducted by telephone, and that the appellant was required to provide the Board with the telephone number at which she could be reached at the time set for the hearing. To facilitate the latter requirement, the Board provided the appellant with a postage-paid envelope addressed to the Board of Review, and a form which read as follows:

> I wish to participate in the hearing scheduled for November 10, 1988 and may be contacted at the telephone number listed below.

The transcript contains an official Board of Review envelope, addressed to the Board of Review and bearing a stamp indicating that it was received by the Board on October 31, 1988. The transcript also contains a completed copy of the above-quoted form indicating the appellant's desire to participate in the hearing, signed by the appellant and including the requested telephone number. This form also bears a stamp showing it was received by the Board on October 31, 1988, as does a letter from the appellant to the Board stating that:

> This letter is to inform you that I was re-enstated [sic] of July 11, 1988; Therefore, I am not considered being

discharged (fired). The time that I was off is considered as "displanary [sic] layoff." Why the hastel [sic]?

Hopefully no other action will be needed.

P.S. Here's a copy of my settlement.

The following page of the record contains a photocopy of a document indicating that the appellant's union grievance had been settled, that she would return to work without back pay as of July 11, 1988, and that all time off would be considered to be disciplinary layoff.

On November 8, 1988, the Board issued a decision dismissing the appellant's appeal, stating that it did so upon "written motion of the claimant-appellant in this case requesting that this appeal to the Board of Review be withdrawn." In a letter to the Board of Review dated November 21, 1988, the appellant stated that she did not intend to withdraw her appeal in her letter of October 31, 1988, but meant only to provide evidence that she had been subjected to disciplinary layoff rather than termination.

The record shows that the appellant's appeal to the Board was not timely filed. Nevertheless, due process requires that the appellant be afforded a hearing to determine whether the late filing was due to circumstances beyond her control. *Paulino* v. *Daniels*, 269 Ark. 676, 599 S.W.2d 760 (Ark. App. 1980). We think that any doubt which may have been raised by the comment in the appellant's October 31 letter to the effect that she hoped no further action would be required should have been dispelled by her submission of the completed form expressing her desire to participate in the hearing and providing the telephone number at which she could be reached. We hold that the Board erred in dismissing the appellant's appeal, and we remand for a hearing to determine whether the late filing was the result of circumstances beyond the appellant's control. *See Paulino* v. *Daniels, supra.*

Reversed and remanded.

MAYFIELD and ROGERS, JJ., agree.