Barbara MELLON *v.*
DIRECTOR, Arkansas Employment Security Department

E 94-46                                895 S.W.2d 948

Court of Appeals of Arkansas
Division I
Opinion delivered March 29, 1995
[Supplemental Opinion on Denial of Rehearing
June 28, 1995.]

*Barbara Mellon*, pro se.

*Allan Franklin Pruitt*, for appellee.

MELVIN MAYFIELD, Judge. This is an appeal from the Arkansas Board of Review. The record filed by the Board reveals the following sequence of events.

On October 7, 1993, the appellant filed a notice of appeal to the Arkansas Appeal Tribunal from a denial of unemployment benefits by the Arkansas Employment Security Department.

On October 21, 1993, the Appeal Tribunal mailed a notice to the appellant and her employer advising them that a hearing would be conducted by telephone on November 3, 1993, at "01:15 p.m. CDT." The notice also advised that the parties should call the Tribunal "at least one (1) workday prior to hearing time" and provide a telephone number "where you will be available at the time and date of the scheduled hearing."

On November 4, 1993, an appeals referee mailed the parties a decision of the Tribunal stating that "the appellant failed to appear" at the hearing scheduled for November 3, 1993, and finding that "[a]fter a study of the record . . . all interested parties have been afforded a reasonable opportunity for a fair hearing" and the determination of the agency denying benefits was "supported by the record."

On December 20, 1993, the Appeal Tribunal received a letter from the appellant stating:

> I would like to set up a new hearing date. I never received my notice in the mail.
>
> The unemployment office told me the date it was supposed to be.

The above letter was sent to the Board of Review and is stamped as received there on December 22, 1993. By letter dated January 3, 1994, the Board informed appellant that it had received appellant's "untimely appeal to the Board" and appellant would be afforded a hearing, pursuant to *Paulino* v. *Daniels*, 269 Ark. 676, 599 S.W.2d 760 (Ark. App. 1980), to establish whether the late filing was due to "circumstances beyond your control." The letter also stated that the date of the hearing would be "Tuesday, January 18, 1994 at 10:00 a.m."

Pursuant to that letter, the Board mailed appellant a typed form upon which appellant was to write a telephone number at which she could be reached on the date and at the time set for the hearing. This form was mailed back to the Board, with a telephone number listed, and the form was signed by appellant.

There is another form in the record, signed by an appeals referee and dated 1-18-94, which contains a handwritten note stating that the referee called the number provided by the appel-

lant and a lady said the appellant was not there and she did not know if the appellant would be able "to make it to her house today."

The record also contains a decision from the Board of Review bearing a mailing date of January 27, 1994, and it states:

> The above-styled appeal was scheduled to be heard before the Board of Review on January 18, 1994 by telephone.
>
> Although duly notified of the date and time of the hearing, the claimant/appellant failed to respond as directed in the Notice of Telephone Hearing and has not shown good cause for failure to respond.
>
> The Board of Review considers it appropriate to dismiss the appeal, and the Appeal Tribunal decision (Appeal No. 93-AT-10392) remains in effect.

In a supplement to its response to "Appellant's Petition for Review" the appellee has filed a letter it received from the appellant on February 16, 1994. This letter states:

> Due to the weather on January 18, 1994, I was unable to reply to the scheduled hearing. I left message with the number.
>
> I think the weather was good cause for not being able to reply to the hearing.
>
> You may reach me at 501-423-5317.

Also, in the supplement, there is a letter to the appellant from the Board's administrative assistant which states that the appellant's letter received on February 16, 1994, was being sent to the Arkansas Court of Appeals "for its consideration as an appeal from the Board of Review decision [of January 27, 1994]."

The letter from the Board and the enclosed letter from the appellant were both received by the clerk of the court of appeals on February 18, 1994, and that is within the period of time provided for such an appeal. Therefore, we consider the matter properly before us.

██ In *Paulino* v. *Daniels, supra,* this court considered certain sections of the Arkansas Employment Security Act con-

taining provisions for the Board to review decisions made by an Appeal Tribunal. The sections provided that if the notice of appeal to the Board was not filed within the period of time stated by the statute, the Board could hold the appeal timely if it found that the late filing was the "result of circumstances beyond the appellant's control." Our opinion also stated that "due process requires" that an appellant be afforded a hearing on any alleged reasons for the failure to timely file and that the Board has the "duty and responsibility" to pass upon the issue of fact presented. We remanded that case for the Board to pass upon the contentions made by the appellant that the late filing was the result of circumstances beyond appellant's control. Those statutory provisions have been modified to some extent since the *Paulino* decision was handed down; however, Ark. Code Ann. § 11-10-524 and -525 (1987 and Repl. 1993), still contain some of the same provisions.

In the case at bar, it can be seen from the history outlined above that the Board's decision of January 27, 1994, stated that the appellant had failed to respond to the notice of telephone hearing and had not shown good cause for such failure. Assuming, without deciding, that this would be sufficient to satisfy the holding in the *Paulino* v. *Daniels* case — and the Board's decision is somewhat unclear in that regard — we think it is not sufficient under subdivision (c) of Ark. Code Ann. § 11-10-524 (Repl. 1993), which was added by a 1991 amendment.

This amendment, which was in effect during the events of 1993 and 1994 in this case, provides that the decision of the Board shall become final within twenty days of mailing to the parties' last known address unless an appeal is filed within that period —

> or, in the case of a party-appellant failing to appear at a hearing a written request for reopening shall be made. Reopening shall be granted upon a showing of good cause for not appearing at the scheduled hearing.

In this case, the Board's decision was mailed on January 27, 1994. The appellant wrote a letter, stamped as received by the Board on February 16, 1994, which can be construed as saying that appellant was not at the telephone on the hearing date for the reason that she was unable to get to the place where the tele-

phone was located because of the weather. This also appears to be corroborated by the referee's note of 1-18-94 which says that the lady who answered the phone said the appellant was not there and she did not know if the appellant would be able "to make it to her house today." Appellant's letter was received by the Board within twenty days of the mailing of the Board's decision — *see* Ark. R. Civ. P. 6(a) for method of computation — and she obviously wanted another hearing date. The Board's administrative assistant inadvertently sent the letter to this court as an appeal instead of presenting it to the Board for consideration under Ark. Code Ann. § 11-10-524 (Repl. 1993).

We remand to the Board for its consideration of appellant's letter received on February 16, 1994.

ROBBINS and ROGERS, JJ., agree.