Barbara MELLON *v.* DIRECTOR, Arkansas Employment Security Division

E 94-46                                                901 S.W.2d 27

Court of Appeals of Arkansas
En Banc
Supplemental Opinion on Denial of Rehearing
delivered June 28, 1995

*Barbara Mellon, pro se.*

*Allan Pruitt*, for appellee.

MELVIN MAYFIELD, Judge. The appellee has filed a petition for rehearing of our opinion of March 29, 1995, in which we remanded this matter to the Board of Review for its considera-

tion of appellant's letter received by the Board on February 16, 1994. Taken in the context of the circumstances involving the attempt of the appellant to have a hearing on the merits of her claim for unemployment compensation, the letter received by the Board on February 16, 1994, was a request for a new date on which appellant could participate in a telephone hearing on the claim.

In the petition for rehearing, the appellee tells us that the Board had decided on January 27, 1994, which was prior to receiving the letter of February 16, 1994, that the appellant's failure to respond to a telephone hearing scheduled on January 18, 1994, was sufficient to support the Board's order of January 27, 1994, dismissing appellant's appeal. Specifically, the petition for rehearing contends that Ark. Code Ann. § 11-10-524(c) (Supp. 1993) only applies to reopening decisions of the Appeal Tribunal and not to decisions of the Board of Review. Then the petition for rehearing tells us that appellant's request for hearing received by the Appeal Tribunal on December 20, 1993, was forwarded to the Board of Review and that this "effectively removed the untimely filing issue to the Board's jurisdiction, pursuant to Ark. Code Ann. § 11-10-524(b) (Supp. 1993). Then, following *Paulino* v. *Daniels*, 269 Ark. 676, 599 S.W.2d 760 (Ark. App. 1980), the Board scheduled a telephone hearing on the timeliness issue for January 18, 1994."

Then the petition for rehearing explains its method of operation in situations like the one involved in the instant case.

> The Board has found such removal of untimely filing issues related to requests for reopening before the Tribunal administratively convenient because, under § 11-10-524(c), the same statutory time period runs with regard to both the alternative procedures of either appeal to the Board of Review or request for reopening before the Appeal Tribunal. Thus, disposition of the timeliness issue in a hearing before the Board tends to relieve cumbersome multiplicity of Tribunal and Board docketings and hearings. In regard to the Board's usual procedure after a removal in a case such as this, a conclusion by the Board of untimeliness within the control of an appellant results in dismissal of the appeal, including any request for reopening. In the

alternative, if an appellant appears in [a] hearing before the Board and proves that the untimely response to an Appeal Tribunal decision was a result of circumstances beyond the appellant's control, the Board would issue an order remanding the case to the Appeal Tribunal for hearing at least on the reopening issue and further Tribunal decision.

■ Because of the operational procedure described in the appellee's petition for rehearing, it is somewhat difficult to understand why the petition was filed. We understand the appellee's contention that Ark. Code Ann. § 11-10-524(c) (Supp. 1993) applies to reopening decisions of the Appeal Tribunal and not to reopening decisions of the Board of Review. However, our opinion assumed that the request for a new hearing which was received by the Board on February 16, 1994, would have been sent by the Board to the Appeal Tribunal for the taking of evidence in a telephone hearing, and this evidence would have then been sent to the Board for its determination of whether there was good cause for not appearing at the scheduled hearing. Indeed, this is the only way that additional evidence may be taken by the Board. *See Jones* v. *Director of Labor*, 8 Ark. App. 234, 650 S.W.2d 601 (1983), and Ark. Code Ann. § 11-10-525(a)(2) (1987). Moreover, the appellee's petition for rehearing is in agreement with that case and cites it as authority. Thus, while our opinion may not have been clear in its application of Ark. Code Ann. § 11-10-524(c) (Supp. 1993), we do not think it makes any practical difference in the decision of the issue in this case.

■ The real issue here is brought into focus by the case of *Paulino* v. *Daniels*, 269 Ark. 676, 599 S.W.2d 760 (Ark. App. 1980), cited in our opinion of March 29, 1995, and in appellee's petition for rehearing. That case involved an attempt to appeal to the Board of Review. The opinion states that the appeal was "admittedly filed late" and said "the real question raised is why it was late." Then the opinion stated "in view of the fact that there is no substantial evidence in this record to support the finding of the board that the failure to file a timely appeal was *not* a result of circumstances beyond the appellant's control, due process requires that claimant-appellant be afforded a hearing on her contentions." 269 Ark. at 679, 599 S.W.2d at 762 (emphasis in the opinion). The opinion cited sections 6(d)(2) and 6(d)(3) of the

Arkansas Employment Security Act, which at that time were found in Ark. Stat. Ann. § 81-1107 (Repl. 1976). Now 6(d)(2) is found in Ark. Code Ann. § 11-10-524(a) (1987), and 6(d)(3) is found in Ark. Code Ann. § 11-10-525(a) (1987). The opinion makes it clear that the failure to appeal in time to either the Appeal Tribunal or the Board of Review may be excused if the failure was due to circumstances beyond the appellant's control.

A few days later, the court of appeals in *McBride* v. *Daniels*, 269 Ark. 705, 600 S.W.2d 425 (Ark. App. 1980), relied upon its *Paulino* v. *Daniels* decision to hold that the Board of Review's reliance, solely upon the fact that the petition for review by the Board was not timely filed, did not meet the requirements of due process. Again, this court made the same holding in *Lawson* v. *Brooks*, 29 Ark. App. 14, 779 S.W.2d 185 (1989), where we remanded for the appellant to be afforded a hearing to determine if the late filing was due to circumstances beyond the appellant's control. And in *Springdale Memorial Hospital* v. *Director*, 34 Ark. App. 266, 809 S.W.2d 828 (1991), we affirmed *Paulino's* requirement for a hearing to determine whether the "untimeliness of the appeal" to the Board of Review was due to circumstances beyond the claimant's control. However, we held in that case that the Board of Review erred in finding that the untimely appeal to the Board was due to circumstances beyond the claimant's control.

Thus, we think it is clear that before an appeal to the Appeal Tribunal or to the Board of Review may be dismissed as untimely, the appellant must be afforded an opportunity to have a hearing on the question of whether the untimely appeal was due to circumstances beyond the appellant's control.

Moreover, the case of *Helena-West Helena School District* v. *Stiles*, 15 Ark. App. 30, 688 S.W.2d 326 (1985), relied upon *Paulino* v. *Daniels* in a case where the appellant school district was not present when an appeals referee conducted a telephone hearing for the Board of Review. We held that due process required that the school district be given a hearing on its contention that its absence from the hearing resulted from its not receiving notice that the hearing would be held.

Thus, the due-process holding in *Paulino* v. *Daniels* has resulted in a two-prong requirement. In the instant case, we

are concerned with both prongs. When the Appeal Tribunal — as it explains in its petition for rehearing — "effectively removed the untimely filing issue to the Board's jurisdiction" this did not eliminate the need to consider the appellant's request for a new hearing date which the Tribunal forwarded to the Board at that time. Therefore, the Board sent a letter to the appellant which stated:

> As your appeal was untimely filed, you will be afforded a hearing to establish whether the late filing was due to circumstances beyond your control pursuant to *Paulino* v. *Daniels*, 269 Ark. 676, 599 S.W.2d 760 (Ark. App. 1980).

The hearing was scheduled to be held by telephone at 10:00 a.m. on January 18, 1994, but the appellant was not at the telephone number she had furnished when the appeals referee called it on the scheduled day and time. The Board then, on January 27, 1994, mailed appellant an order stating that she had failed to respond to the telephone call on January 18, 1994, and that the appeal was dismissed.

However, on February 16, 1994, the Board received a letter from appellant stating what could be considered a good cause for failing to be at the telephone number when the call was made and asking for a new hearing day. This letter was received within twenty (20) days of the January 27 mailing of the Board's order dismissing the appeal and, under Ark. Code Ann. §§ 11-10-525(b) and 529(a) (1987) the Board's dismissal of January 27, 1994, had not become final. Thus, forgetting about Ark. Code Ann. § 10-11-524(c) and whether it applied to the Board in this case, we think the request for new hearing, received by the Board before its January 27 decision became final, allowed the Board to grant the appellant a new hearing. Whether the new hearing should be granted is for the Board to determine on remand. However, the due-process considerations stated in *Paulino* v. *Daniels* and its progeny require more than a simple finding that the appellant failed to appear at a hearing and therefore has not shown good cause for failing to file a timely appeal to the Board. Moreover, in the instant case the two-prong requirement of opportunity to be heard and reasons for the untimely appeal are both present.

The petition for rehearing is denied.