ARKANSAS EMPLOYMENT SECURITY DEPARTMENT
*v.* Barbara MELLON

95-400                                    910 S.W.2d 699

Supreme Court of Arkansas
Opinion delivered December 11, 1995

*Allan Pruitt*, for appellant.

*Appellee*, pro se.

ROBERT L. BROWN, Justice. This matter relates to whether appellee Barbara Mellon was afforded an opportunity to be heard on why she did not appear at a telephone hearing before the Appeal Tribunal of the Employment Security Department. The Board of Review of the Employment Security Department dismissed Mellon's request to be heard, after she failed to appear at a second telephone hearing. The Arkansas Court of Appeals in an opinion handed down on March 29, 1995, remanded the case to the Board of Review to examine whether Mellon was denied her statutory or due process rights. In a supplemental opinion handed down on June 28, 1995, the Court of Appeals denied rehearing. The Employment Security Department petitioned for a review of the opinions by the Court of Appeals, and this court granted review on July 10, 1995, pursuant to Supreme Court Rule 2-4. Upon review, we affirm the decision of the Board of Review and reverse the decision of the Court of Appeals.

Barbara Mellon sought unemployment insurance benefits after her employment terminated with Classic Cleaners in Berryville. The Employment Security Department found that Mellon had left her job voluntarily for undisclosed reasons. Because the Department determined that good cause was not shown for terminating the job, it denied Mellon's request for benefits, and she appealed to the Appeal Tribunal. A telephone hearing was scheduled by the Appeal Tribunal for November 3, 1993, but Mellon did not call in prior to the hearing and provide a telephone number, as the notice required. Because of Mellon's failure to appear at the telephone hearing, the Department's denial of benefits was affirmed in a decision by the Tribunal on November 4, 1993. That decision stated that it would become final if not appealed within twenty days after the date of the mailing. The decision was mailed on November 4, 1993.

By letter post-marked December 16, 1993, Mellon requested a new hearing before the Appeal Tribunal. The text of her letter read:

I would like to set up a new hearing date. I never received my notice in the mail.

The unemployment office told me the date it was supposed to be.

The twenty-day period for filing an appeal had expired by the time Mellon wrote her letter. The Appeal Tribunal, nevertheless, forwarded her letter to the Board of Review, which scheduled a telephone hearing for January 18, 1994, to determine whether her failure to appeal in timely fashion was due to circumstances beyond her control.

Mellon received the notice of the second hearing and provided a telephone number where she could be reached on the date of the hearing. However, she failed to appear on that date. Mary Cameron, the appeals referee and staff attorney, commented that she called the number, and the person answering stated that she "did not know if [Mellon] would make it to her house today." On January 27, 1994, the Board of Review dismissed Mellon's appeal, stating:

Although duly notified of the date and time of the hearing, the claimant/appellant failed to respond as directed in the notice of telephone hearing and has not shown good cause for failure to respond.

The board of review considers it appropriate to dismiss the appeal, and the appeal tribunal decision ... remains in effect.

In a letter dated February 7, 1994, Mellon responded to the ruling:

Due to the weather on January 18, 1994, I was unable to reply to the scheduled hearing I left message with the number.

I think the weather was good cause for not being able to reply to the hearing. You may reach me at 501-. . . .

The letter was stamped received by the Board of Review on February 16, 1994, and the Board forwarded the letter to the Court of Appeals for its consideration.

In an opinion dated March 29, 1995, the Court of Appeals remanded the case to the Board of Review to determine whether good cause was shown for Mellon's failure to appear at the telephone hearing scheduled for January 18, 1994. Citing Ark. Code Ann. § 11-10-524 (Supp. 1993), the Court of Appeals based its opinion on the fact that Mellon's letter was received within the twenty-day period for rehearing. The Department petitioned for rehearing of the court's decision and contended that § 11-10-524 provides for no rehearing before the Board of Review within twenty days of its decision. The Court of Appeals denied the petition in its supplemental opinion dated June 28, 1995, and concluded that due process required that the Board of Review provide Mellon with another opportunity to be heard:

> Thus, forgetting about Ark. Code Ann. § 11-10-524(c) and whether it applied to the board in this case, we think the request for new hearing, received by the board before its January 27 decision became final, allowed the board to grant the appellant a new hearing. Whether the new hearing should be granted is for the board to determine on remand. However, due process considerations stated in *Paulino* v. *Daniels* and its progeny require more than a simple finding that the appellant failed to appear at a hearing and therefore has not shown good cause for failing to file a timely appeal to the board. Moreover, in the instant case the two-prong requirement of opportunity to be heard and reasons for the untimely appeal are both present.

■■ The Department contends that neither Arkansas statutes nor due process requirements demand that Mellon have a third opportunity to be heard. The Court of Appeals appeared to recognize in its supplemental opinion that § 11-10-524(c) provides the Appeal Tribunal may reopen a decision upon a showing of good cause. But that procedure does not apply to the next tier of appellate review before the Board of Review. At that stage, there is no statutory provision for reopening a decision, but only a provision for judicial review:

> The decision [of the Board of Review] shall be final unless within twenty (20) days after the mailing of notice thereof to the party's last known address, or, in the absence of the mailing, within twenty (20) days after the delivery of the

notice, a proceeding for judicial review is initiated pursuant to § 11-10-529.

Ark. Code Ann. § 11-10-525 (1987). The letter received by the Board of Review on the twentieth day from its decision was a request for still another hearing based on allegations of good cause for missing the January 18, 1994 hearing. That is a remedy which the employment security statutes simply do not provide at the Board of Review level.

We turn then to the issue of whether due process considerations mandate another hearing for Mellon under *Paulino* v. *Daniels*, 269 Ark. 676, 599 S.W.2d 760 (Ark. App. 1980). In *Paulino*, the claimant was late in appealing a denial of benefits to the Board of Review. The Board found that the appeal was late and that the claimant's failure was not caused by circumstances beyond her control. The Board, therefore, affirmed the denial of benefits, but the Court of Appeals reversed and held:

> As appellant was given no opportunity before the Board of Review to attempt to explain the lateness of her appeal to that body, and in view of the fact that there is no substantial evidence in this record to support the finding of the board that the failure to file a timely appeal was not a result of circumstances beyond the appellant's control, due process requires that claimant-appellant be afforded a hearing on her contentions.

In this case, unlike the *Paulino* facts, Mellon was given an opportunity by the Board of Review to explain why she did not appear at the telephone hearing before the Appeal Tribunal. But she failed to appear at this second telephone hearing, despite the fact that she undoubtedly knew about the hearing on January 18, 1994, and had provided the Board with a telephone number where she could be reached. Moreover, the Board of Review waited until January 27, 1994, to enter its decision affirming the denial of benefits. From the record, it does not appear that Mellon contacted the Board until twenty days after her failure to appear.

In short, the Board of Review did provide Mellon with an opportunity to explain her first failure to appear, and she did not take advantage of it. Because of that and after waiting nine days from the hearing date, the Board affirmed the Appeal Tri-

720

bunal. Due process and *Paulino* v. *Daniels, supra*, require no more than this.

The decision of the Board of Review is affirmed, and the decisions of the Court of Appeals as reflected in the original opinion and the supplemental opinion are reversed.