Gloria D. ALLEN *v.* DIRECTOR, Employment
Security Department

E 03-172                                   139 S.W.3d 138

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered December 17, 2003

*Appellant, pro se.*

*Allen Franklin Pruitt,* for appellee.

JOHN MAUZY PITTMAN, Judge. The appellant in this
unemployment-compensation case filed a claim for benefits.
After a hearing, the Board of Review found that she voluntarily left
her last employment without good cause connected with the work,
and was thus disqualified for benefits pursuant to Ark. Code Ann.
§ 11-10-513(a)(1) (Supp. 2003). Appellant filed a timely appeal with
this court. We affirm.

The Board concluded its opinion by stating that "[t]he
claimant is denied benefits until, subsequent to filing the claim, the
claimant has had at least thirty days of employment covered by an
unemployment compensation law of this state, another state, or

the United States." *See* Ark. Code Ann. § 11-10-513(a)(3) (Supp. 2003). Appellant filed a petition for judicial review with this court quoting the above-mentioned language from the Board's opinion and stating that:

> I Gloria D. Allen have been employed with Employment Solution, 2900 Horizon Dr., Suite 18, Bryant, Arkansas Telephone (501) 847-5800 since April 22, 2003. I have had thirty days of employment covered by an unemployment compensation law of this State.

Notably, appellant does not assert that the Board's decision was wrong, and therefore there is no question before us regarding the sufficiency of the evidence to support the Board's decision. *See* Ark. Code Ann. § 11-10-529(a)(2)(A) (Supp. 2003). Instead, she asserts that certain facts occurred subsequent to the hearing before the Appeal Tribunal and appears to suggest that, by the terms of the Board's decision, these subsequent facts (which she never attempted to present to the Board) entitle her to benefits. However, we cannot grant appellant the relief she seeks because her argument depends upon facts not in evidence that were presented for the first time in her petition for judicial review. Pursuant to Ark. Code Ann. § 11-10-529(c)(2)(A) (Supp. 2003), we are precluded from receiving additional evidence on appeal. Nor could we remand for the Board of Review to reopen its decision, even on a showing of good cause. This question was presented in *Arkansas Employment Security Dep't v. Mellon*, 322 Ark. 715, 910 S.W.2d 699 (1995), where our supreme court said that:

> [Section] 11-10-524(c) provides the Appeal Tribunal may reopen a decision upon a showing of good cause. But that procedure does not apply to the next tier of appellate review before the Board of Review. At that stage, there is no statutory provision for reopening a decision, but only a provision for judicial review:
>
>> The decision [of the Board of Review] shall be final unless within twenty (20) days after the mailing of notice thereof to the party's last known address, or, in the absence of the mailing, within twenty (20) days after the delivery of the notice, a proceeding for judicial review is initiated pursuant to § 11-10-529.
>
> Ark. Code Ann. § 11-10-525 (1987). The letter received by the Board of Review on the twentieth day from its decision was a

request for still another hearing based on allegations of good cause for missing the January 18, 1994 hearing. That is a remedy which the employment security statutes simply do not provide at the Board of Review level.

*Arkansas Employment Security Dep't v. Mellon*, 322 Ark. at 718-19, 910 S.W.2d at 701. Because appellant does not challenge the correctness of the Board's decision, and because we lack the authority to grant the relief she requests by reopening the Board's decision for additional evidence, we must affirm.

Affirmed.

HART, GLADWIN, and BIRD, JJ., agree.

ROBBINS and GRIFFEN, JJ., concur.

WENDELL L. GRIFFEN, Judge, concurring. I respectfully concur in this result, but in doing so I do not abandon the views expressed in my recent dissenting opinion in *Bradford v. Dir. Employment Sec. Dep't.*, 83 Ark. App. 332, 128 S.W.3d 20 (2003).