Cite as 2021 Ark. App. 432

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** E-20-289

| | |
|---|---|
| PHILLIP HARRISON<br><div align="right">APPELLANT</div> | **Opinion Delivered** November 10, 2021 |
| V.<br><br>DIRECTOR, DIVISION OF WORKFORCE SERVICES; AND CREATIVE CO-OP, INC.<br><div align="right">APPELLEES</div> | APPEAL FROM THE ARKANSAS BOARD OF REVIEW<br>[NO. 20-BR-01162]<br><br>AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Appellant Phillip R. Harrison appeals an adverse ruling of the Arkansas Board of Review (the "Board") affirming the Appeal Tribunal's dismissal of his unemployment claim as untimely. Harrison appeals to us contending that although his appeal was late, the tardiness was due to circumstances beyond his control. We affirm the Board's decision.

In order to appeal a Division of Workforce Services determination, a claimant must file a written notice of appeal with the Appeal Tribunal or any office of the Division of Workforce Services within twenty calendar days of the mailing date of the determination. Ark. Code Ann. § 11-10-524(a)(1) (Supp. 2021). If the appeal is not filed within the statutory time period, the appeal may still be considered timely if the late filing was the result of circumstances beyond appellant's control. Ark. Code Ann. § 11-10-524(a)(2).

Harrison was initially denied benefits when the Arkansas Division of Workforce Services issued a determination finding that he was disqualified from receiving benefits for a certain period due to the amount of severance pay that he received upon termination from his employment at Creative Co-Op, Inc. The determination clearly stated that an appeal must be filed within twenty days of May 22, 2020—the day the determination was mailed. The last date to file an appeal to the Appeal Tribunal, pursuant to Arkansas Code Annotated section 11-10-524(a)(1), was therefore June 11, 2020. Harrison's appeal was not postmarked until June 17 and was received by the Appeal Tribunal on June 19.

Pursuant to Arkansas Code Annotated section 11-10-524(a)(2) and *Paulino v. Daniels*, 269 Ark. 676, 679, 599 S.W.2d 760, 762 (Ark. App. 1980), the Appeal Tribunal conducted a hearing to determine whether the untimeliness was due to circumstances out of Harrison's control. At the hearing, Harrison explained that he had received the determination that was mailed on May 22, but he gave no reason for the delay. His counsel attempted to argue that the website was down, but he did not substantiate his argument. The record does not contain any notation or documentation that Harrison or his counsel had contacted the Division of Workforce Services at any time to note the difficulty with the website.

The Appeal Tribunal concluded that Harrison did not establish that the untimeliness was due to circumstances beyond his control and dismissed the appeal. The Board affirmed. The Board found that "it is unfortunate that the website is down, but there is more than one way to file an appeal." Harrison's attorney ultimately filed by letter, and that letter was not postmarked within the requisite twenty-day time frame; thus, there was sufficient evidence to show that the appeal was untimely.

In appeals of unemployment-compensation cases, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Coker v. Dir.*, 99 Ark. App. 455, 262 S.W.3d 175 (2007). The findings of fact made by the Board are conclusive if supported by substantial evidence. *Id.* Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could have reasonably reached its decision on the basis of the evidence before it. *Id.* Issues of credibility of witnesses and the weight to be afforded their testimony are matters for the Board to determine. *Bradford v. Dir.*, 83 Ark. App. 332, 338, 128 S.W.3d 20, 23 (2003). Reasons for late filing involve factual issues to be determined by the Board and not this court on appeal. *Johnsen v. Dir.*, 2012 Ark. App. 634, at 1–2.

Having considered our standard of review and the record before us, we hold that substantial evidence supports the Board's conclusion that Harrison's untimely appeal to the Appeal Tribunal was not the result of circumstances beyond his control. It is clear that the appeal was filed outside the required time limit, and neither Harrison nor his attorney provided sufficient evidence to explain how the delay was due to reasons beyond their control. We cannot say that the Board erred in its finding. Accordingly, we affirm.

Affirmed.

GLADWIN and KLAPPENBACH, JJ., agree.

*WH Law*, by: *Chris W. Burks*, for appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.