Cite as 2022 Ark. App. 129

# ARKANSAS COURT OF APPEALS
DIVISION III
No. E-21-329

| | |
|---|---|
| KEVIN BENNETT<br><br>APPELLANT<br><br>V.<br><br>DIRECTOR, ARKANSAS DEPARTMENT OF COMMERCE, DIVISION OF WORKFORCE SERVICES<br><br>APPELLEE | Opinion Delivered March 16, 2022<br><br>APPEAL FROM THE ARKANSAS BOARD OF REVIEW<br>[NO. 2021-BR-01034]<br><br><br><br>REVERSED AND REMANDED |

**RAYMOND R. ABRAMSON, Judge**

Kevin Bennett challenges a determination by the Arkansas Board of Review that his untimely appeal for Pandemic Unemployment Assistance (PUA) was due to a circumstance that he could control. In doing so, the Board affirmed and adopted the Appeal Tribunal's decision that denied Bennett PUA benefits, finding that he was not a covered individual within the meaning of the CARES Act.[1]

---

[1]PUA is one of the federal financial-assistance programs that the United States Congress enacted to provide additional unemployment benefits to help individuals bridge financial hardships that the COVID-19 pandemic caused. *See* Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, 134 Stat. 281 (2020) (codified at 15 U.S.C. §§ 9021–9034).

In his petition to this court, Bennett asserts that he was hospitalized with a diagnosis of COVID-19 and was not allowed to return to work until he obtained a negative test. Bennett filed for both state unemployment insurance benefits (regular benefits) and federal PUA benefits; on August 28, 2020, a notice of determination was mailed to Bennett informing him that he was not a "covered individual" under the CARES Act. That meant he was ineligible for PUA benefits.

However, Bennett testified that he believed he needed to await a regular benefit determination before he could file an appeal.[2] Bennett testified that the letter instructed him to wait for the regular-benefit determination before further pursuing PUA. In November 2020, Bennett received a notice of determination denying him regular benefits, which he appealed to the Board on November 19. Because November 19 is more than twenty days after August 28, the Board dismissed it as untimely pursuant to *Paulino v. Daniels*, 269 Ark. 676, 599 S.W.2d 760 (Ark. App. 1980). This appeal followed.

We have recently addressed the discrepancies and confusion surrounding the timelines of filing appeals in light of a PUA determination versus other unemployment claims. *See Sharum v. Ark. Dep't of Com.*, 2022 Ark. App. 96, ___ S.W.3d ___. For the reasons

---

[2]The Board's decision notes that Bennett based "his belief on a letter that he said he received." In the record before us, there is a letter to Bennett dated July 24, 2020, from the Arkansas Department of Commerce, Division of Workforce Services, that states he was "likely eligible for regular Unemployment Insurance benefits or Pandemic Emergency Unemployment Compensation in lieu of Pandemic Unemployment Assistance. For that reason, your claim is on hold."

outlined in *Sharum*, we hold that the Board erred in finding that the lateness of Bennett's appeal was not due to circumstances beyond his control.

Specifically, the Appeal Tribunal found that Bennett "was instructed to wait waiting [sic] on a denial for regular unemployment benefits prior to filing an appeal. The appeal rights had exhausted by the time the determination was received." Our court has termed this the "*Paulino* vortex." *Sharum, supra.*

We reverse the Board of Review's decision that Bennett's untimely appeal of the August 28 PUA determination was because his tardiness was within his control. It was not. We therefore remand this case to the Board of Review and direct it to reconsider Bennett's PUA claim on its merit.

Reversed and remanded.

VIRDEN and MURPHY, JJ., agree.

*Kevin Bennett*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.