Cite as 2022 Ark. App. 491

# ARKANSAS COURT OF APPEALS

DIVISION II
No. E-22-157

| | | |
|---|---|---|
| | | Opinion Delivered November 30, 2022 |
| ERIN SHANAHAN | | APPEAL FROM THE ARKANSAS |
| | APPELLANT | BOARD OF REVIEW |
| V. | | |
| | | [NO. 2021-BR-04145] |
| DIRECTOR, DEPARTMENT OF WORKFORCE SERVICES | | |
| | APPELLEE | AFFIRMED |

**MIKE MURPHY, Judge**

Appellant Erin Shanahan appeals the Arkansas Board of Review's dismissal of her appeal as untimely. She argues that the Board's decision is not supported by substantial evidence and is contrary to public policy. We affirm.

To appeal a Department of Workforce Services determination, a claimant must file a written notice of appeal with the appeal tribunal or any office of the Department within twenty calendar days of the mailing date of the determination. Ark. Code Ann. § 11-10-524(a)(1) (Supp. 2021). If the appeal is not filed within the statutory time period, the appeal may still be considered timely if the late filing was the result of circumstances beyond appellant's control. Ark. Code Ann. § 11-10-524(a)(2).

The Department of Workforce Services found that Shanahan was unavailable for work (and thus, ineligible for benefits) for the time period of December 6, 2020, through May 1, 2021. A determination letter was mailed to her on August 18, 2021. It included a

statement of her appeal rights, explaining that she had twenty days from the date the determination was mailed to file an appeal. Shanahan had until September 7, 2021, to appeal, but the appeal was not filed until September 8.

Pursuant to Arkansas Code Annotated section 11-10-524(a)(2), and *Paulino v. Daniels*, 269 Ark. 676, 679, 599 S.W.2d 760, 762 (1980), the Board of Review conducted a hearing on January 19, 2022, to determine whether the untimeliness was out of Shanahan's control. At the hearing, her attorney explained that she had attempted to fax the appeal letter on September 7, 2021, but she entered the wrong number. She realized the mistake on September 8 and sent the letter immediately thereafter. The Board found that Shanahan's appeal was late due to her own conduct and dismissed the appeal. Shanahan appeals, arguing the Board's decision is unsupported and against public policy.

In appeals of unemployment-compensation cases, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Coker v. Dir.*, 99 Ark. App. 455, 262 S.W.3d 175 (2007). The findings of fact made by the Board are conclusive if supported by substantial evidence. *Id.* Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could have reasonably reached its decision on the basis of the evidence before it. *Id.* Issues of credibility of witnesses and the weight to be afforded their testimony are matters for the Board to determine. *Bradford v. Dir.*, 83 Ark. App. 332, 338, 128 S.W.3d 20, 23 (2003). Reasons for

late filing involve factual issues to be determined by the Board and not this court on appeal. *Johnsen v. Dir.*, 2012 Ark. App. 634, at 1–2.

Shanahan argues that the cause of the delay was beyond her control because it was a "programming issue." The "programming issue," however was because Shanahan's attorney did not enter the fax number correctly. Shanahan's counsel said that to use her fax system, she had to include a nine-digit code, or letters would not go through. There is no evidence that Shanahan's counsel took any steps to verify the fax was sent correctly, and in fact, she explained that her email filters were set to send notifications of unsuccessful fax attempts to her junk folder. This was an entirely preventable mistake. The Board's finding that the delay in filing were not due to circumstances beyond Shanahan's control is supported by substantial evidence.

Nor are we persuaded by Shanahan's argument that dismissing her appeal is contrary to public policy considering the delay was de minimus compared to the time it took for the Department of Workforce Services to process her claim or appeal. The Department of Workforce Services is tasked with the monumental duty of overseeing a program designed to offset the economic insecurities associated with involuntary unemployment in the state of Arkansas. The legislature deemed it necessary to set certain deadlines for claimants in order for the Department to carry out its purpose. Ark. Code Ann. § 11-10-524(a). A state's public policy is best evidenced by its statutes, and appeal deadlines for these unemployment-security-division cases are explicitly set out in statute. *Id.*

While the result of an untimely appeal may seem harsh, deadlines are necessary for the efficient execution of this program. The rule is not inflexible and due-process safeguards exist. The Board has the discretion to find that a tardy appeal is actually timely, but the burden of proof is on the claimant. The appeal rights were clearly set out and known to Shanahan and her counsel. The mistake, while unfortunate, was preventable with even the most minimal caution and not outside Shanahan's control.

Affirmed.

ABRAMSON and GLADWIN, JJ., agree.

*Trevor Hawkins*, Legal Aid of Arkansas, for appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.