## BLACKSTAD MERCANTILE COMPANY *v.* BOND.

### Opinion delivered June 3, 1912.

1. APPEAL AND ERROR—APPEALABLE JUDGMENT.—An order setting aside a default judgment is a final judgment from which an appeal will lie. (Page 46.)

2. CIRCUIT COURT—JURISDICTION.—Under Acts 1911, p. 110, providing an additional judge for the second judicial circuit, that the circuit courts of said district shall be divided into two divisions to be known as the first and second divisions, that the civil cases shall be assigned to the first division and the criminal cases to the second, but that it shall not be reversible error to try any case "in the division to which it has not been specially assigned," *held*, that the second division of the court had jurisdiction to try a civil case. (Page 47.)

3. JUDGMENTS—WHEN DEFAULT NOT SET ASIDE.—Where defendants' attorney was present in court when a case against his clients was called, though the name of the plaintiff was miscalled, and such attorney was asked by the court whether he represented the defendants, and replied that he was employed in an action against them, but that he did not suppose that was the case, whereupon the court asked him to look into it, and subsequently in his absence judgment by default was entered against defendants, the attorney was guilty of negligence, and the judgment by default will not be set aside. (Page 47.)

Appeal from Mississippi Circuit Court, Chickasawba District; *Will J. Driver*, Judge; reversed.

Appellant, *pro se.*

MCCULLOCH, C. J. Appellant instituted an action against appellees in the circuit court of the Chickasawba

District of Mississippi County to recover a debt in the sum of $198 alleged to be due for merchandise sold and delivered under written contract. Summons was duly served, and at the October term, 1911, of said court, no answer having been filed, judgment by default was entered in appellant's favor. At the next term appellees filed a complaint to vacate said judgment, and the case is now here on appeal from an order of the circuit court setting said judgment aside. Such an order is a final judgment from which an appeal will lie. *Ayers* v. *Anderson-Tully Co.*, 89 Ark. 160.

Appellees set out in their complaint the following as the reasons why the judgment should be vacated:

"That they were misled by reason of the fact that said cause was docketed as 'Black Mercantile Company *v.* Bond & Osborne;' that they had no notice that said cause was called, but relied upon the practice of this court that the attention of their attorneys would be called to said cause before any action would be taken thereon; that, through some means unknown to these defendants, the court was induced to render judgment in said cause without the case having been placed upon the court's docket and without notice to these defendants."

In addition to the above, appellees set forth in their complaint facts sufficient to constitute a defense to the original action.

The court, in granting the prayer of the complaint and vacating the former judgment, set forth the following reasons for such action:

"That the said judgment was rendered without jurisdiction and without due notice, in this, that said case was docketed for trial in the criminal division of said circuit court without any agreement that same be done by the judges of said two divisions of said circuit court, said docketing having been by error of the clerk of said court, and further that said case was docketed as 'Black Mercantile Company *v.* Bond & Osborne' and that the attorney of the defendants Bond & Osborne had not noticed that the cause was standing for trial in said division, and his attention was not called to the rendition of said judgment or that demand was made for de-

fault judgment, and that neither the defendants nor their attorneys had notice of the rendition of said judgment."

The first question to which attention must be directed is, whether or not the court originally had jurisdiction to render the judgment which was afterwards set aside. The General Assembly of 1911 enacted a statute providing for an additional judge for the second judicial circuit, which embraces Mississippi County. The act provides that the circuit courts of that district shall be divided into two divisions to be known as the first and second divisions, and it provides for quarterly terms of court to be held in each county, the divisions to alternate. The act further provides that the clerk of each of said courts shall assign all civil cases to the first division, and all criminal cases to the second division, unless "the judges shall deem it expedient to divide said business into other than civil and criminal divisions," which may be done by written order of said judges. Section 6 of the act provides that "it shall not be reversible error that any case is tried in the division to which it has not been specially assigned, and by consent of parties any case pending in any county, or district thereof, may be tried in either division of said court."

It is manifest from the section just quoted that the jurisdiction of the court does not depend upon the proper assignment of a case to either division. The statute expressly declares that it shall not even be reversible error; that is, that it shall not affect the validity of the proceedings, even on a direct attack by appeal, for any case to be tried in a division to which it has not been assigned. It necessarily follows from this that either division of the court has jurisdiction. However, the fact that a case is assigned to the wrong division, and a litigant is misled thereby to his prejudice, might be sufficient ground for vacating the judgment under the statute which provides that a judgment may be vacated after the lapse of the term "for unavoidable casualty or misfortune preventing the party from appearing or defending." Kirby's Digest, § 4431.

The next question, therefore, that arises is, whether or not appellees, or their attorney, were misled to their prejudice by reason of the case being docketed in the wrong division. The record shows that numerous civil cases were tried at that term of the court, which was the regular term of the second, or crim-

inal, division. The complaint was heard upon oral and record testimony, which has been properly preserved and brought before us by bill of exceptions. The action was commenced and the summons served on appellees August 5, 1911, and the next term began on the 5th day of October. Appellees, before the court convened, employed one of the regular practicing attorneys at Blytheville to represent them in the case. He is the attorney who filed this complaint to set aside the judgment, and he testified in support of the complaint. He states in his testimony that he was present in court when the docket was called over by the court, and heard a case called that attracted his attention by his clients, Bond & Osborne, being named as defendants; that he asked the court to repeat the call of the case and that this was done, the case being called as Black Mercantile Company *v.* Bond & Osborne, and he was asked if he represented the defendants in that case; that he stated to the court that he was employed by Mr. Bond to represent them in an action instituted against them by some jewelry company, but that he did not suppose that was the case, as there was a Black Mercantile Company located at Blytheville; that the court then asked him to look into it and ascertain whether or not he represented appellees in the case then called. He testified that he was not present when the judgment by default was taken, and did not know that judgment had been taken until after the lapse of the term and execution was issued. We are of the opinion that the circumstances were not sufficient to cause the attorney for appellees to be misled by the erroneous docketing of the case; that he had sufficient notice to put him upon inquiry, and that his clients, the appellees, are barred by his failure to file an answer in the case. Nor was the fact that the case was improperly docketed as "Black Mercantile Company" against appellees sufficient to mislead appellees or their attorney to their prejudice or to prevent them from making a defense in due season. It appears from the proof that this was the only action pending against appellees. They employed the attorney to attend to this particular case, and are bound by any negligent act of his in failing to appear and make defense. There is no testimony indicating fraud in procuring the judgment, nor that there was any design on the part of the appellant, or its attorneys, to practice deception either upon the court or

upon appellees in taking judgment. The judgment was entered on the eighth day of the term, which gave appellees abundant time to prepare their defense. Negligence on the part of one's own attorney is not sufficient to justify setting aside a judgment. *Lawson* v. *Bettison*, 12 Ark. 401; *Scoggin* v. *Hammett Grocer Co.*, 66 Ark. 183; *Corney* v. *Corney*, 97 Ark. 117.

We discover nothing in the record that would justify the court in setting aside the judgment rendered at the former term; therefore the judgment is reversed, and the cause is remanded with directions to dismiss the complaint of appellees.