MAGNOLIA GROCER COMPANY v. FARRAR.

4-5026

Opinion delivered April 11, 1938.

*Ezra Garner,* for appellant.

HUMPHREYS, J. This is an appeal from a judgment of the circuit court of Monroe county refusing to vacate

a judgment rendered in favor of appellant for $23.77 at the April, 1937, term of said court. The motion to vacate said judgment was filed at the November, 1937, term of court by appellant alleging that appellee procured the judgment at the April term through fraud practiced on the court. No specific acts of fraud were alleged.

Appellant had brought suit against appellee to the April term of court on two notes alleged to have been executed to it by appellee, one of them for $342.90, and one for $209.44.

Appellee filed an answer denying the execution of the $342.90 note or liability thereon. He admitted the execution of the $209.44 note, but pleaded payments thereon so as to reduce it to $23.77 and tendered that amount in full settlement of all he owed appellant. Neither appellant nor his attorney appeared at the April term of court and the court rendered judgment against appellee on his tender for $23.77. The gist of the motion filed by appellant at the November, 1937, term of court to vacate the judgment was that the appellee had failed to give it five days' notice that a tender would be made in any amount or as to the time when tender would be made and alleged his failure to do so amounted to the perpetration of fraud upon the court in procuring the judgment upon his tender in full satisfaction of appellant's suit based upon the $209.44 note. The motion did not allege that appellee or his attorney misrepresented the facts to the court. Appellant relies upon the fact, and so alleges in the motion, that the judgment was rendered by the court without five days' notice by appellee to it that a tender of $23.77 would be made by appellee to it in full settlement of the second note sued upon.

In other words appellant contends that the trial court erred in rendering a judgment in its favor against appellee on his confession and tender, in its absence, unless appellee had given it five days notice that he would do so. In making this contention appellant relies on §§ 1562 and 1568 of Pope's Digest, which sections are as follows:

"1562. The defendant in an action for the recovery of money only may, at any time before the trial, serve upon the plaintiff or his attorney an offer in writing to allow judgment to be taken against him for the sum specified therein. If the plaintiff accepts the offer, and gives notice thereof to the defendant or his attorney within five days after the offer was served, the offer and an affidavit that the notice of acceptance was delivered in the time limited may be filed by the plaintiff, or the defendant may file the acceptance, with a copy of the offer, verified by affidavit, and in either case the offer and acceptance shall be noted upon the record, and judgment shall be rendered accordingly. If the notice of acceptance is not given in the period limited the offer shall be deemed withdrawn, and shall not be given in evidence or mentioned on the trial. If the plaintiff fails to obtain judgment for more than was offered by the defendant, he shall pay the defendant's costs from the time of the offer.

"1568. After an action for recovery of money is brought, the defendant may offer in court to confess judgment for part of the amount claimed or part of the causes involved in the action. Whereupon, if the plaintiff, being present, refuse to accept such confession of judgment in full of his demands against the defendant in the action, or, having had such notice that the offer would be made, of its amount, and the time of making it, as the court shall deem reasonable, fails to attend, and on the trial does not recover more than was offered to be confessed, such plaintiff shall pay all of the costs of the defendant incurred after the offer."

These sections do not prevent a defendant from denying liability in whole or in part upon instruments made the basis of a suit against him, nor prevent him from tendering the amount into court he owes plaintiff, nor does it impose the duty on a defendant to bring a plaintiff into court to accept or refuse his tender. If a plaintiff fails to appear and prosecute his suit, it is his misfortune if a judgment is rendered in his favor for less than he sued for unless the defendant fraudulently

misrepresented facts to the court which induced the rendition of the judgment. This court said, in substance, in the case of *Blackstad Mercantile Company* v. *Bond,* 104 Ark. 45, 148 S. W. 262, that a judgment by default will not be set aside at a subsequent term where the party filing the motion was guilty of negligence.

This court also said, in substance, in the case of *Old American Insurance Company* v. *Perry,* 167 Ark. 198, 266 S. W. 943, that the mere entry of an erroneous judgment, or one entered prematurely did not constitute a fraud and that the rendition of such a judgment was an error and that the remedy to correct the error was by appeal and not by motion to vacate the decree after the adjournment of court.

Appellant's only remedy, even if the judgment complained of was erroneously entered, was to file a motion for a new trial in the cause.

According to the motion to vacate the judgment, appellant did not appear at the April term of court to prosecute the suit he had brought nor to object and except to the judgment rendered by the court nor to file a motion for a new trial. He abandoned his suit until he filed a motion at the next term of court to vacate a judgment on the ground that he had not been given five days notice before the rendition of the judgment that appellee would make tender of $23.77 in full settlement of the second note sued upon. Although he alleged in his motion that fraud was practiced upon the court by appellee no allegation was made that appellee misrepresented facts to the court which induced the rendition of the judgment.

No error appearing, the judgment is affirmed.