5-2725 357 S. W. 2d 497

Opinion delivered May 28, 1962.

*Fanklin Wilder*, for appellant.

*Jeta Taylor* and *Mark E. Woolsey*, for appellee.

George Rose Smith, J. This is a child custody case. R. J. and Wanda Vest were the parents of two infant children at the time of Mrs. Vest's death in January of 1961. The father had been away in military service, and for some time before her death Mrs. Vest had been living with the children in the home of her parents, the appellants. After their mother's death the children remained with the appellants, their maternal grandparents, for several months. Their father then picked them up and took them to the home of his sister, the appellee Pauline Horton, and her husband.

In August of 1961 the appellants filed the present petition, asking for custody of the children. The principal defendants are the children's father, R. J. Vest,

and his sister and brother-in-law, the Hortons. In the course of refusing to make any change of custody the chancellor conducted two separate hearings and entered two separate orders. The appellants have appealed from both the orders.

At the first hearing the grandparents sufficiently proved their own fitness to have the care of the children, but they rested their case without having shown that R. J. Vest was unfit to have the custody of his own children. The defendants accordingly demurred to the plaintiffs' evidence. Without ruling upon the demurrer the chancellor announced that he would treat the petition as one for visitation rights. The record is not absolutely clear about what then happened, but it is a fair inference that the opposing attorneys conferred and agreed that the appellants should have the children on the fourth weekend of each month and that the paternal grand-parents should have them on the second weekend. An order to that effect was duly entered, and this order is the first one appealed from.

We cannot say that the chancellor was wrong in taking the action that he did. The appellants' failure to show that Vest was not fit to have the care of his own children was a fatal omission, for a third person cannot deprive a parent of the custody of his own children without first proving that the parent is not a suitable person to have them. *Verser* v. *Ford,* 37 Ark. 27; *Rayburn* v. *Rayburn,* 231 Ark. 745, 332 S. W. 2d 230. That proof was wanting at the conclusion of the first hearing. The chancellor did not actually rule upon the defendants' demurrer to the evidence, but in our opinion the demurrer might properly have been sustained, on account of the defect in the plaintiffs' proof. The appellants criticize the chancellor's order of visitation; but they were present at the hearing, and the record does not indicate that they expressed any dissatisfaction with their counsel's agreement to the order. There is, of course, a presumption that an attorney of record is authorized to act for his clients. His action within the

scope of his authority is binding upon his clients, even though they may later think it to have been unwise.

After the first hearing the appellants changed lawyers and engaged their present attorney. Some twenty-six days after the entry of the first order the appellants' present counsel filed a motion for reconsideration, attaching six affidavits purporting to show that Vest was unfit to have the custody of the two children. This motion was presented to the chancellor (after the lapse of the term) and was denied. The second notice of appeal relates to that order.

We find no error. The request for a reconsideration is comparable to a motion for a new trial in a court of law or to a bill of review in a court of equity. If a litigant fails to develop his case fully when it is first heard upon its merits the law does not afford him a second chance by permitting him to bring in additional proof that might just as well have been offered in the first instance. It is essential that he make a showing of diligence; that is, that for some valid reason he was unable to produce the missing evidence at the original hearing. *Richardson* v. *Sallee,* 207 Ark. 915, 183 S. W. 2d 508. That showing is absent here; to the contrary, it is indicated that the appellants' witnesses on the issue of the father's unfitness to have the children were present at the first hearing but were not called to the stand. Thus it cannot be said that the evidence was newly discovered or could not, with reasonable diligence, have been adduced at the original hearing.

Affirmed.

JOHNSON, J., dissents.

JIM JOHNSON, Associate Justice, (Dissenting). Upon the strong showing made by appellants as to the unfitness of the appellees to be entrusted with the care and custody of these little children, I am convinced that the motion for Reconsideration should have been granted.

This is a child custody case which is before us on trial *de novo*. It is so well settled as to require no citation of authority to support the proposition that one of the paramount questions which should concern us the most is the welfare of the children. The superior position enjoyed by natural parents in questions of custody as cited in the majority opinion has always been reserved for those parents who are deserving of that position. My research fails to reveal an application of this rule in a single case where the suggestion of unfitness of a natural parents is nearly as strong as that made in the affidavits filed in support of appellants' motion to reconsider. Therefore, it seems to me that since this is an Equity case and the trial court's order specifically retained jurisdiction of the cause for the making of such further orders as the court might find to be proper and necessary, the cause should be remanded for further development so as to permit the appellants to properly present their proof on the most vital and startling matters alleged in their affidavits. These matters certainly go to the heart of the question of the welfare of the children.

To the extent indicated, I respectfully dissent.