## SPRINGDALE MEMORIAL HOSPITAL *v.* DIRECTOR OF LABOR

E 89-232                                                                    809 S.W.2d 828

Court of Appeal of Arkansas
Division I
Opinion delivered May 29, 1991

*Cypert, Crouch, Clark, & Harwell,* by: *Brian L. Spaulding,* for appellant.

*Allan Pruitt,* for appellee.

GEORGE K. CRACRAFT, Chief Judge. Springdale Memorial Hospital appeals from a decision of the Arkansas Board of Review awarding unemployment benefits to Catherine Barranger. Appellant contends that the claimant's appeal to the Board of Review was untimely and that, in any event, there is no substantial evidence to support the Board's finding that the claimant was discharged from her employment with appellant for reasons other than misconduct connected with the work. Because

we find merit in appellant's contention that the claimant's appeal to the Board of Review was untimely, we do not address the second issue.

On February 10, 1989, the decision of the appeal tribunal was mailed to the claimant and her attorney. The opinion denied her claim, finding that she had been discharged from her employment for misconduct connected with the work. Although the Board's review of an appeal tribunal's decision ordinarily must be initiated within twenty days of the mailing date of the decision, Ark. Code Ann. §§ 11-10-524(a), -525(a) (1987), this claimant's notice of appeal to the Board of Review was not mailed until October 2, 1989, almost eight months later. Pursuant to *Paulino* v. *Daniels*, 269 Ark. 676, 599 S.W.2d 760 (1980), the Board of Review then conducted a hearing to determine whether the untimeliness of the appeal was due to "circumstances beyond the [claimant's] control."

The claimant testified that, upon receipt of the decision of the appeal tribunal, she discussed the matter with her attorney and instructed him to proceed with an appeal. She stated that he told her that he would and subsequently informed her that he had done so. She did not know why the appeal was not filed before October 2. Although called to testify, the claimant's attorney merely noted that he did not have with him his file in the case, and his reasons for delay in filing the appeal are not shown in the record. On this evidence, the Board found as follows:

> From the evidence, the Board of Review finds that the claimant's appeal to the Board of Review was filed in an untimely manner due to circumstances beyond the claimant's control and her appeal will therefore be considered timely. She entrusted her appeal to her attorney and the failure to file the appeal was due to circumstances beyond the claimant's control.

The Board then reversed the decision of the appeal tribunal on its merits and awarded benefits to the claimant.

We conclude that the Board's determination that the claimant's reliance upon her attorney excuses her failure to file a timely appeal disregards the basic concept of the relationship between attorney and client. It is a rule of general application that

a client is bound by the acts of his attorney within the scope of the latter's authority, including the attorney's negligent failure to file proper pleadings. *See Allen* v. *Kizer*, 294 Ark. 1, 740 S.W.2d 137 (1987); *DeClerk* v. *Tribble*, 276 Ark. 316, 637 S.W.2d 526 (1982). In *Peterson* v. *Worthen Bank & Trust Co.*, 296 Ark. 201, 753 S.W.2d 278 (1988), the court stated:

> The rules of agency generally apply to the relationship of attorney and client. The editors of 7A C.J.S. *Attorney & Client* § 180, provide this summary:
>
>> [U]sually the general rules of law which apply to agency apply to the relation of attorney and client. [Citing *White & Black Rivers Bridge Co.* v. *Vaughan*, 183 Ark. 450, 36 S.W.2d 672 (1931)]. Accordingly, the omissions, as well as commissions, of an attorney are to be regarded as the acts of the client whom he represents, and his neglect is equivalent to the neglect of the client himself. [Citing *Blackstad Mercantile Co.* v. *Bond*, 104 Ark. 45, 148 S.W. 262 (1912)]. Attorney's acts are attributed to the client. Thus, in the absence of fraud, the client is bound, according to the ordinary rules of agency, by the acts, omissions, or neglect, of the attorney within the scope of the latter's authority, [citing *Riley* v. *Vest*, 235 Ark. 192, 357 S.W.2d 497 (1962), and *Beth* v. *Harris*, 208 Ark. 903, 188 S.W.2d 119 (1945)] whether express or implied, apparent or ostensible. In other words, whatever is done in the progress of the cause by such attorney is considered as done by the party, and is binding on him. . . .

296 Ark. at 204-05, 753 S.W.2d at 280. The fact that proceedings before the Board of Review are less formal than those in courts of law does not, in our opinion, alter the responsibility of a client for the acts of his attorney.

■ On the record presented, we conclude that the Board's finding that the failure to file a timely appeal was due to circumstances beyond the claimant's control is not supported by substantial evidence.

Reversed.

JENNINGS and MAYFIELD, JJ., agree.