Laurie A. WALLS *v.* DIRECTOR, Employment
Security Division, and JVA International, Inc.

E 01-50 49 S.W.3d 670

Court of Appeals of Arkansas
Division III
Opinion delivered July 5, 2001

*Otho Walls*, for appellant.

*Phyllis Edwards*, for appellee.

TERRY CRABTREE, Judge. The appellant, Laurie Walls, appeals a decision of the Arkansas Board of Review ("Board") that reversed the Appeal Tribunal's award of unemployment insurance benefits and concluded that she was disqualified from receiving those benefits because she was discharged for misconduct in connection with her work. We reverse and remand for an award of benefits.

Appellant worked for JVA International, Inc., on the "pleater" in the manufacturing area, and in other areas as necessary. Ms. Dora Courville, the employer's human resources director, testified before the Appeal Tribunal that appellant was discharged for absenteeism while still in her ninety-day probationary period. Ms. Courville stated that she and appellant's supervisor spoke with appellant on October 19, 2000, warning her about her attendance. They chose not to terminate appellant at that time. Apparently, appellant was absent the next day, and was then terminated.

The employer's attendance policy states in part that:

> Employees can help by notifying their Supervisors in advance when they know they must be absent or late. An employee is required to call his/her Supervisor promptly if unforseen circumstances will cause the employee to be absent or late. Call your Supervisor as soon as possible. This will enable the Supervisor to keep the department running smoothly. Absenteeism or tardiness beyond one (1) occurrence average per month for six (6) months without proof of illness will automatically lead to termination.

Ms. Courville stated that appellant did not provide doctor's statements for every day she was absent. Further, Ms. Courville testified that appellant's mother notified the employer by telephone on October 10, 2000, that appellant was absent due to illness, but that

the employer was not told that appellant would be absent the following day. Ms. Courville noted that appellant did not provide any information from her doctor which would give the employer notice of the severity of her medical problem.

Appellant testified that all of her absences from work, except one absence due to her son being sick, were due to her own illness. She said she was experiencing abdominal cramping and swelling, and it was eventually determined that she had an infected gall bladder. Appellant stated that her mother telephoned the employer from the doctor's office on October 10, 2000, to advise that appellant was sick and undergoing tests, and that appellant would not be at work on October 11, 2000, because she was to undergo a medical test. Appellant acknowledged that she did not provide a medical excuse for every absence, but stated that she had no insurance and could not always afford a physician. Appellant stated that she probably could have telephoned her doctor to obtain an extension to her medical excuses, but that she was under the impression that consecutive days of absence were considered one incident.

 Our scope of appellate review is well settled:

> On appeal, the findings of the Board of Review are conclusive if they are supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it.

*Love v. Director*, 71 Ark. App. 396, 399, 30 S.W.3d 750, 752 (2000). The statutory authority on which the Board relied in denying appellant benefits was Ark. Code Ann. § 11-10-514(a)(1)-(2) (Supp. 1999). Ark. Code Ann. § 11-10-514(a)(1) provides that "an individual shall be disqualified for benefits if he was discharged from his last work for misconduct in connection with his work." Ark. Code Ann. § 11-10-514(a)(2) provides that "in all cases of discharge for absenteeism, the individual's attendance record for the twelve-month period immediately preceding the discharge and the reasons for the absenteeism shall be taken into consideration for purposes of determining whether the absenteeism constitutes misconduct." The seminal decision concerning "misconduct" as used in Ark. Code

Ann. § 11-10-514(a) is *Nibco, Inc. v. Metcalf*, 1 Ark. App. 114, 118, 613 S.W.2d 612, 614 (1981), where we provided the following definition of the term:

> [M]isconduct involves: (1) disregard of the employer's interests, (2) violation of the employer's rules, (3) disregard of the standards of behavior which the employer has a right to expect of his employees, and (4) disregard of the employee's duties and obligations to his employer.
>
> To constitute misconduct, however, the definitions require more than mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies, ordinary negligence in isolated instances, or good faith error in judgment or discretion. There must be an intentional or deliberate violation, a willful or wanton disregard, or carelessness or negligence of such degree or recurrence as to manifest wrongful intent or evil design.

In the case at bar, we hold that the Board's finding that appellant was discharged from her last work for misconduct is not supported by substantial evidence. The Board found that appellant violated the employer's written policy requiring notice of absences, and that this constituted misconduct. It is true that appellant violated the employer's written policy requiring notice of absences. However, we hold that there is no evidence that appellant ever intentionally violated the rules so as to manifest wrongful intent or evil design. As such, we reverse and remand this case for an award of benefits.

Reversed and remanded.

ROBBINS and GRIFFEN, JJ., agree.