Yvette P. LOVELACE *v.* DIRECTOR,
Employment Security Department

E 01-162                                79 S.W.3d 400

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered June 26, 2002

*David P. Henry*, for appellant.

*Allan Franklin Pruitt*, for appellee.

S AM BIRD, Judge. Appellant Yvette P. Lovelace appeals the decision of the Arkansas Board of Review denying her unemployment benefits. For reversal, Lovelace argues that the Board erred in failing to find that the untimely appeal was a result of circumstances beyond her control. We affirm.

Lovelace, a former employee of Pulaski County, applied for unemployment compensation benefits. Notice of the denial of benefits was mailed on March 16, 2001, and she received the notice on March 20, 2001. The next day, March 21, Lovelace employed counsel, David Henry, to file an appeal. Pursuant to Ark. Code Ann. § 11-10-524(a)(1) (Repl. 2002), Lovelace's appeal of that decision was required to be postmarked no later

than twenty days from the date the notice of determination was mailed to her, which would be no later than April 5, 2001. Lovelace's notice of appeal was not postmarked until April 6, 2001. However, the filing may be considered timely if the Board of Review finds that the late filing was "beyond the control" of the appealing party. Ark. Code Ann. § 11-10-524(a)(2) (Repl. 2002). The Appeal Tribunal considered the timeliness of the filing at a telephone hearing on May 3, 2001. At the hearing, Lovelace's attorney testified that the circumstances that resulted in the untimely filing of the appeal were that his only secretary was out of the office on leave during the week of April 2 through 6 and that he was out of his office on April 4 and 5, 2001, due to severe tendinitis in his right knee. He said that when he returned to his office on April 6, the first thing he did was to type the appeal.

The Appeal Tribunal held that the circumstances resulting in the late appeal were not beyond Lovelace's control and dismissed the appeal. Lovelace then appealed to the Arkansas Board of Review, arguing that the untimeliness of the filing was beyond her control and that her counsel's illness and absence from his office during the last two days of her appeal time constituted unavoidable casualty and excusable neglect. On June 27, 2001, the Board of Review affirmed the decision of the Appeal Tribunal and again dismissed Lovelace's appeal. From that decision comes this appeal.

█ On appeal, the findings of the Board of Review are conclusive if they are supported by substantial evidence. *Walls v. Director, Employment Sec. Dep't*, 74 Ark. App. 424, 49 S.W.3d 670 (2001). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.* Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it. *Id.*

█ In a case where an appeal has been deemed untimely, pursuant to *Paulino v. Daniels*, 269 Ark. 676, 599 S.W.2d 760 (Ark. App. 1980), a hearing is conducted to determine whether

the untimeliness of the appeal was due to "circumstances beyond the [claimant's] control." Lovelace contends that after she received the notice, she instructed her attorney to proceed with an appeal and that he did not do so in a timely fashion. It is a rule of general application that a client is bound by the acts of his attorney within the scope of the latter's authority, including the attorney's negligent failure to file proper pleadings. *See Allen v. Kizer*, 294 Ark. 1, 740 S.W.2d 137 (1987); *DeClerk v. Tribble*, 276 Ark. 316, 637 S.W.2d 526 (1982). In *Peterson v. Worthen Bank & Trust Co.*, 296 Ark. 201, 753 S.W.2d 278 (1988), the court stated:

> The rules of agency generally apply to the relationship of attorney and client. The editors of 7A C.J.S. Attorney & Client § 180, provide this summary:
>
>> [U]sually the general rules of law which apply to agency apply to the relation of attorney and client. [citing *White & Black Rivers Bridge Co. v. Vaughan*, 183 Ark. 450, 36 S.W.2d 672 (1931)]. Accordingly, the omissions, as well as commissions, of an attorney are to be regarded as the acts of the client whom he represents, and his neglect is equivalent to the neglect of the client himself. [citing *Blackstad Mercantile Co. v. Bond*, 104 Ark. 45, 148 S.W. 262 (1912)]. Attorney's acts are attributed to the client. Thus, in the absence of fraud, the client is bound, according to the ordinary rules of agency, by the acts, omissions, or neglect, of the attorney within the scope of the latter's authority, [citing *Riley v. Vest*, 235 Ark. 192, 357 S.W.2d 497 (1962), and *Beth v. Harris*, 208 Ark. 903, 188 S.W.2d 119 (1945)] whether express or implied, apparent or ostensible. In other words, whatever is done in the progress of the cause by such attorney is considered as done by the party, and is binding on him. . . .

296 Ark. at 204–05, 753 S.W.2d at 280.

In this case, the Board of Review found that there was no evidence presented that the notice of appeal was filed late due to circumstances beyond the control of either Lovelace or her attorney. The testimony of Lovelace's counsel during the telephone hearing merely established that he was absent from his office due to a severe case of tendonitis in his right knee on April 4 and 5, 2001. The attorney did not offer any excuse for putting off the

filing of the appeal other than that he had not anticipated being gone on April 4 and 5. There was no evidence presented that there was anything that prevented the attorney from filing the appeal before he was out sick nor that he was so incapacitated that he could not have mailed the appeal from his home. Further, even though Lovelace sought counsel, she did not lose responsibility in making sure that the appeal was timely filed. The actual appeal filed did not contain any legal offerings or any factual information that Lovelace herself could not have provided.

The dissenting opinion suggests that by our reasoning, no circumstances would amount to circumstances beyond the claimant's control if notice of appeal is not mailed on the first day of the twenty-day period. We do not agree that this is the effect of our decision. By our decision in this case we simply hold that, if the claimant fails to file the notice within the twenty-day period, evidence must be presented that the late filing of the appeal was due to circumstances beyond the claimant's control. The Board of Review concluded that no such evidence had been presented in this case, and our holding is that the Board's decision is supported by substantial evidence.

The dissenting opinion also speculates that there may be any number of reasons why claimant's attorney did not file the notice from his home. However, none of these reasons were offered as evidence. We are not permitted to make assumptions to fill in the gaps in claimant's evidence.

We hold that there was substantial evidence to support the Board's finding that the late filing of the appeal was not due to circumstances beyond Lovelace's control. Therefore, we affirm.

Affirmed.

STROUD, C.J., NEAL, and ROAF, JJ., agree.

PITTMAN, J., concurs.

HART, J., dissents.

JOSEPHINE LINKER HART, Judge, dissenting. As the majority notes, appellant had twenty days in which to file a notice of appeal by mail. Ark. Code Ann. § 11-10-524(a)(1)

(Repl. 2002). Also, the majority correctly states that appellant's counsel, David P. Henry, mailed the notice of appeal one day beyond the twenty-day period. The majority also properly asserts that, on appeal, the findings of fact of the Board of Review are conclusive if they are supported by substantial evidence. Ark. Code Ann. § 11-10-529(c)(1) (Repl. 2002). Further, it notes that if the appeal is "not perfected within the twenty-day period as a result of circumstances beyond appellant's control, the appeal may be considered as having been filed timely." Ark. Code Ann. § 11-10-524(a)(2) (Repl. 2002). However, relying on a line of cases that a client is bound by the acts of her attorney, the majority erroneously concludes that the one-day delay was not "a result of circumstances beyond the appellant's control," which would have excused the delay.

While the notice of appeal had to be mailed by April 5, 2001, it was postmarked one day later. Appellant testified that on March 21, she asked Henry to file a notice of appeal, and she further stated that she did not know why her appeal was filed on April 6. Henry testified that he is a sole practitioner, that his only secretary was absent from his office from April 2 to April 6, and that on April 4 and 5, he was absent from his office with "a severe case of tendonitis" in his right knee. When he returned to the office on April 6, he prepared the notice of appeal. Henry testified that the delay in the filing of the notice of appeal was attributable to his being ill, his secretary being absent, and his not being at the office to prepare it. When the hearing officer asked why he did not file the notice before April 4, Henry stated that he did not know he was going to be ill.

The majority states that "[t]here was no evidence presented that there was anything that prevented the attorney from filing the appeal before he was out sick. . . ." The majority's conclusion that Henry could have filed the appeal prior to the onset of his illness misses the point. Certainly, there is nothing in the statute requiring a claimant to act prior to the last day of the twenty-day period, and there is no indication that Henry knew prior to the onset of his tendonitis that he would subsequently suffer from the onset. By the majority's reasoning, no circumstance would be beyond a claimant's control if the claimant did not file his notice

on the first day of the twenty-day period. Adoption of the majority's reasoning would constrict the twenty-day period and effectively eliminate the statutory excuse.

The majority further states there was no evidence that Henry "was so incapacitated that he could not have mailed the appeal from his home." I note that the hearing officer, who assumed the role of adversary in questioning appellant and Henry, did not ask Henry whether he could have mailed the notice of appeal from his home. There may have been numerous reasons why Henry did not file the notice of appeal from home. The majority further states that appellant could have filed the notice herself. Again, the hearing officer never asked whether appellant knew Henry was ill. The statute does not make the proof of either fact a condition precedent to establishing circumstances beyond appellant's control, and there was no reason that appellant could have anticipated that development of such facts was required.

The real issue, rather, is whether there were circumstances beyond appellant's control, and here, there was substantial evidence establishing circumstances beyond appellant's control. The majority's observations that appellant failed to establish that Henry could have filed the notice from his home and that appellant could have filed the notice herself cannot be considered as substantial evidence to support the denial of the appeal. Thus, the majority's stated reasons for reaching its decision are pure speculation. What we have is this court concluding, as a matter of law, that an attorney's illness does not constitute circumstances beyond appellant's control. Based on this record, this is far too much to conclude, and, therefore, I respectfully dissent.