Cite as 2023 Ark. App. 290

# ARKANSAS COURT OF APPEALS

DIVISION I

No. E-22-578

| | | |
|---|---|---|
| RAYMOND COLEMAN | | Opinion Delivered May 17, 2023 |
| | APPELLANT | |
| V. | | APPEAL FROM THE ARKANSAS BOARD OF REVIEW [NO. 2022-BR-01477] |
| DIRECTOR, DEPARTMENT OF WORKFORCE SERVICES; AND T & C AUTO CLINIC | | |
| | APPELLEES | AFFIRMED |

## RITA W. GRUBER, Judge

Appellant Raymond Coleman appeals the Arkansas Board of Review's dismissal of his claim as untimely. We hold that there is substantial evidence to support the Board's dismissal and affirm.

To appeal a Department of Workforce Services (DWS) determination, a written notice of appeal must be filed with the Appeal Tribunal (Tribunal) or any office of DWS within twenty calendar days of the mailing date of the determination. Ark. Code Ann. § 11-10-524(a)(1) (Repl. 2021). If the appeal is not filed within the statutory time period, the appeal may still be considered timely if the late filing was the result of circumstances beyond the appealing party's control. Ark. Code Ann. § 11-10-524(a)(2).

On May 26, 2021, DWS sent Coleman a notice of agency determination denying his claim for unemployment benefits, finding that he voluntarily left work without good cause

connected with the work, and informing him that he could file an appeal of that determination within twenty calendar days after the mailing of the notice to his last known address.

Coleman filed a petition for appeal with the Tribunal, which is dated July 14, 2021, and was received by the Tribunal on July 15. On July 23, DWS sent Coleman and T & C Auto Clinic (collectively "the parties") notice that an appeal had been filed; a telephone hearing would be held on August 6; the primary issue for the hearing was whether the appeal was timely filed and, if not, whether the untimely filing was a result of circumstances beyond Coleman's control; and the hearing would be the sole opportunity to present testimony and evidence. On July 29, Coleman requested that the hearing be held in person rather than by telephone, which was granted. On May 17, 2022, DWS sent notice to the parties setting the in-person hearing for June 7 and notifying them once more that the primary issue for the hearing was whether the appeal was timely filed and, if not, whether the untimely filing was a result of circumstances beyond Coleman's control; and the hearing would be the sole opportunity to present testimony and evidence.

The hearing was held on June 7, in part pursuant to *Paulino v. Daniels*, 269 Ark. 676, 559 S.W.2d 760 (Ark. App. 1980), to determine whether the untimely filing was due to circumstances beyond Coleman's control.[1] Coleman was present with his "representative" Frank W. Askew, Jr., as was Billy Todd, owner of T & C. At the hearing, Coleman was asked

---

[1]The hearing was also held in reference to Coleman's timely appeal of a separate determination regarding overpayment, which is not before us.

whether he received the eligibility determination, and he stated, "Not that I know of because I got all my—I've got my paperwork, and I've got everything—right—right—right here on—on my book, but I never did get an appeal for that." The hearing officer confirmed that the eligibility determination was mailed to his correct address, and Coleman testified that "if [he] got it, it should be in there." Coleman further testified as follows:

> I didn't see it, no, ma'am, because if I did, I didn't pay it much attention you know. That's why I got him here now, you know, because ma'am, I—you know, I'm not a good reader, and everything that went on—my ex-wife was the one that did all the paperwork on it, and she's dead now. She died with Covid last year, December the, you know, the 19th.

Coleman then testified, "I never—well, it's there." Coleman's "representative" then stated:

> His wife—his wife was handling all the stuff. . . . All of the paperwork and things of that nature because of his inability to read and comprehend and understand what is going on, including when he—the paperwork was filled out as far as to receiving his unemployment benefits because of his termination. And his wife was handling all of that paperwork before she passed, so he wasn't aware—. . . It was his ex-wife. He wasn't aware of what was going on throughout—throughout all these procedures. He was not aware of even this letter about his appeal rights. Before—if it had been explained to him and made plain and brought to his attention, of course, he would've appealed it.

The hearing was then "closed" with respect to the timeliness issue.

On June 13, 2022, the Tribunal mailed its decision in which it found that the eligibility determination had been mailed to the correct address. The Tribunal reasoned that the law presumes that a letter is received by the person to whom it is addressed, and Coleman had not provided sufficient evidence to rebut that presumption, citing *Skaggs v. State*, 287 Ark. 259, 697 S.W.2d 913 (1985), and *Moore v. State*, 285 Ark. 321, 686 S.W.2d 790 (1985). The Tribunal concluded that the untimely filing was not due to circumstances beyond

3

Coleman's control, and DWS's determination of the denial of benefits would remain in effect.

On June 15, Coleman timely appealed the Tribunal's decision to the Board, requesting that it review the Tribunal's decision and reopen the matter "in order to allow [him] . . . his due process right/opportunity to be heard." Coleman asserted in his notice of appeal that he was not given the opportunity to present appropriate testimony and appeared to take issue with the fact that the hearing was in person rather than by telephone.

On October 27, 2022, the Board issued its decision in which it determined that the record reflected that Coleman had a reasonable opportunity to present evidence before the Tribunal. The Board found that, while Coleman did not recall receiving the eligibility determination, he testified that he could have and paid it no attention because he does not read very well and relied on his ex-wife to handle his paperwork at that time. The Board further found that the determination most likely arrived at Coleman's address, and if Coleman or his ex-wife had difficulty understanding it, they could have contacted DWS for assistance. The Board concluded that the Tribunal decision was correct and affirmed it. Coleman timely petitioned this court for review.

In appeals of unemployment-compensation cases, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Term v. Dir.*, 2015 Ark. App. 144, at 2, 457 S.W.3d 291, 293. The Board's findings of fact are conclusive if supported by substantial evidence. *Id.* Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* Even

4

when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could have reasonably reached its decision based on the evidence before it. *Id.* at 2–3, 457 S.W.3d at 293. Credibility of witnesses and the weight to be afforded their testimony are matters for the Board to determine. *Id.* at 3, 457 S.W.3d at 293. Reasons for late filing involve factual issues to be determined by the Board and not this court on appeal. *Id.*

The Board found that, while Coleman did not recall receiving the eligibility determination, he testified that he could have and paid it no attention because he does not read very well and relied on his ex-wife to handle his paperwork at that time. However, we have held that where a claimant appoints a third party to act as his agent, the claimant is bound by the third party's actions in connection with the filing of his appeal. *Springdale Mem. Hosp. v. Dir. of Labor*, 34 Ark. App. 266, 809 S.W.2d 588 (1991). Thus, Coleman's reliance on his late ex-wife does not constitute circumstances beyond his control. The Board further found that if Coleman or his ex-wife had difficulty understanding it, they could have contacted DWS for assistance. The record reflects that Coleman received every other mailing from DWS at the same address to which the eligibility determination was sent, both before and after the determination at issue, and acted accordingly. As such, substantial evidence supports the Board's decision that Coleman's untimely appeal to the Tribunal was not due to circumstances beyond his control.

Coleman also contends on appeal that he "did not get full due process to testify or have witnesses to support his claim." The crux of his argument is that he was not given an

5

opportunity to explain that he did not quit his employment but instead was fired. However, the issue that was before the Tribunal, then the Board, and now this court is the timeliness of his appeal to the Tribunal, not the underlying reasons for his separation from his employment. Moreover, while the Board "may order another hearing for the taking of additional evidence, this is discretionary with the Board and a second hearing is not required so long as each side has notice of and a fair opportunity to rebut the evidence of the other party." *Ark. Game & Fish Comm'n v. Dir. of Lab.*, 36 Ark. App. 243, 246, 821 S.W.2d 69, 71 (1992); Ark. Code Ann. § 11-10-525(c) (Repl. 2012). The Due Process Clause does not guarantee a party the right to unlimited process but rather guarantees that a party receives the rudimentary elements of fair play. *Bergman v. Dir.*, 2010 Ark. App. 729, at 6, 379 S.W.3d 625, 628. Generally, the concept of "rudimentary elements of fair play" has been interpreted to mean reasonable notice of the specific charges; the right to employ counsel if so desired; and the opportunity to confront adverse witnesses, to speak in one's own defense, and to call defense witnesses. *Id.*

Here, Coleman received multiple notices regarding the hearing and its purpose, all of which stated, "**THIS HEARING** is your opportunity to present **ALL** testimony and evidence concerning the issues involved in this matter." Coleman then received a *Paulino* hearing before the Tribunal at which he could have entered exhibits into evidence or have witnesses testify regarding the issue being heard by the Tribunal. He attended the hearing with a representative and was given the opportunity to testify regarding the issues that were being determined at that hearing. He had the opportunity to ask questions of any other

6

witnesses as well. Moreover, his own testimony was that the only other person who could testify regarding the untimeliness of his appeal was his ex-wife, who, according to him, is deceased. Finally, Ark. Code Ann. § 11-10-529(c)(2)(A) (Supp. 2021) prohibits this court from receiving any additional evidence. The evidence Coleman sought to have considered was related to the reason he separated from his unemployment, not why his appeal to the Tribunal was untimely. As such, the Board correctly determined that the record reflected that Coleman had a reasonable opportunity to present evidence before the Tribunal. Accordingly, we affirm.

Affirmed.

GLADWIN and KLAPPENBACH, JJ., agree.

*Raymond Coleman*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for separate appellee director, Division of Workforce Services.