Cite as 2024 Ark. App. 145

# ARKANSAS COURT OF APPEALS

DIVISION II
No. E-23-195

| | | |
|---|---|---|
| MAEGAN HOLLIS | | Opinion Delivered February 28, 2024 |
| | APPELLANT | APPEAL FROM THE ARKANSAS BOARD OF REVIEW |
| V. | | [NO. 2022-BR-02435] |
| DIRECTOR, DIVISION OF WORKFORCE SERVICES | | |
| | APPELLEE | AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Appellant, Maegan Hollis, has appealed from the decision by the Board of Review (Board) finding that she was not able to work and was not available for suitable employment from May 1 2020, until August 2020. We affirm that decision.

Hollis was working at a Nailsville Salon & Spa in Searcy, Arkansas, when the salon was shut down by order of the Arkansas Health Department to help prevent the spread of the COVID-19 virus. All barber shops, beauty shops, and nail salons were affected. Hollis filed for unemployment benefits on April 3, 2020. Hollis received benefits through both unemployment insurance and pandemic unemployment compensation from May 1, 2020, until August 2020. The Division of Workforce Services (DWS) issued a notice of nonfraud overpayment determination to Hollis on April 18, 2022, finding that Hollis was liable to repay $9,177 in benefits pursuant to Ark. Code Ann. § 11-10-532(b) (Supp. 2023). The

agency had found that under Arkansas Code Annotated section 11-10-507 (3)(A), she was not able to perform suitable work and was not available for suitable work because she failed to accept suitable work on May 4 and August 9, 2020. Therefore, she had been overpaid benefits in the amount of $9,177 for the weeks listed in the notice. Hollis retained an attorney, who filed an appeal to the Appeal Tribunal (Tribunal) of that decision on April 29, 2021, which was received by the Tribunal on June 3, 2021.

The claimant filed an untimely appeal of this determination to the Tribunal. Thus, pursuant to *Paulino v. Daniels*, 269 Ark. 676, 559 S.W.2d 760 (Ark. App. 1980), the claimant was afforded a hearing before the Tribunal on June 20, 2022, to establish whether the late filing of the appeal was the result of circumstances beyond her control. Neither Hollis nor her attorney appeared; thereafter, the Tribunal dismissed Hollis's appeal on finding that the untimely filing of the appeal was not due to circumstances beyond her control. Hollis timely requested a reopening hearing to offer evidence as to why she did not appear at the June 20, 2021, hearing. The Tribunal conducted a reopening hearing on August 12, 2022, and issued a decision finding that the claimant showed good cause for failing to appear at the June 20, 2022, hearing. Another timeliness hearing was held on September 26, 2022, and the Tribunal found that the untimely filing of the appeal was due to reasons beyond Hollis's control. A merits hearing was conducted on November 3, 2022, and the Tribunal issued a decision that affirmed the DWS's determination. Hollis filed a timely appeal to the Board on November 14, 2022.

On April 4, 2023, the Board stated that it had considered the entire record in affirming the decision of the Tribunal. The Board found Hollis filed an initial claim for benefits on April 3, 2020, and received benefits in the amount of $9,177 for the weeks ending May 2, 2020, through August 22, 2020. The Division issued a determination on December 23, 2020, finding that the claimant was not able and available for suitable work for those weeks, and the overpayment resulted. On the basis of that information, DWS calculated that there was an overpayment of $9,177. The $9,177 benefit-overpayment amount consisted of $7,800 in federal pandemic unemployment compensation (FPUC), $405 in Emergency Unemployment Compensation (EUC), and $972 in regular unemployment insurance benefits. The Board also found the overpayment resulted from a disqualifying determination that was still in effect, and it was not caused as a direct result of DWS's error. Principles of equity and good conscience need not be addressed because the claimant must meet both elements to avoid repayment of regular unemployment insurance benefits. Moreover, as the preponderance of the evidence before the Board showed, because Hollis stated she was able and available for work when she was not, she was also at fault for causing the overpayment. Therefore, the decision of the Tribunal was affirmed on the finding that the claimant is liable for repayment of benefits.

In unemployment cases, the Board's findings of fact are conclusive if supported by substantial evidence, and substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Holmes v. Dir.*, 2015 Ark. App. 337, 463 S.W.3d 744; *Ivy v. Dir.*, 2013 Ark. App. 381. We review the evidence and all reasonable

3

inferences deducible therefrom in the light most favorable to the Board's findings, and even when there is evidence on which the Board might have reached a different decision, the scope of our judicial review is limited to a determination of whether the Board could have reasonably reached its decision on the evidence before it. *Ivy, supra.* This court may not substitute its findings for the Board's, even though this court might have reached a different conclusion had it made the original determination on the same evidence. *Holmes, supra.* Furthermore, the credibility of witnesses and the weight to be afforded their testimony are matters to be resolved by the Board.

We find that substantial evidence supports the Board's decision that DWS's determination finding that Hollis was not able and available for suitable work is still in effect. That determination was affirmed in the opinion of the companion case *Hollis v. Director*, 2024 Ark. App. 144, ___ S.W.3d___, issued today. Because the determination is still in effect, the overpayment is still in effect. As a result, Hollis must repay $9,177 to the fund.

Affirmed.

GLADWIN and GRUBER, JJ., agree.

*Simpson & Simpson*, by: *James A. Simpson, Jr.*, for appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.