Cite as 2024 Ark. App. 144

# ARKANSAS COURT OF APPEALS

DIVISION II
No. E-23-35

| | |
|---|---|
| MAEGAN HOLLIS | Opinion Delivered February 28, 2024 |
| APPELLANT | APPEAL FROM THE ARKANSAS BOARD OF REVIEW |
| V. | [NO. 2022-BR-01750] |
| DIRECTOR, DIVISION OF WORKFORCE SERVICES | |
| APPELLEE | AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Maegan Hollis appeals the Board of Review's (Board's) dismissal of her appeal due to an untimely filing. We affirm the Board's decision.

Hollis was employed as a nail technician by Nailsville & Spa. She filed her initial claim for unemployment benefits on April 3, 2020, after being laid off due to the COVID-19 pandemic; she was paid benefits from May to August 2020. In response to Hollis's claim, the employer filed a statement asserting that, when the business reopened on May 4, 2020, Hollis informed them she would not return to work until August 9 due to the pandemic; she asked for the promise of "a good paycheck," which could not be guaranteed due to the uncertainties of COVID-19; and Hollis chose to not return to work on August 9.

On December 23, 2020, the Division of Workforce Services (DWS) issued three agency determinations: (1) Hollis was ineligible to receive benefits beginning May 1, 2020,

because her availability for suitable work was restricted due to COVID-19; she would be ineligible until that condition no longer existed; and she would need to inform her DWS office when that condition no longer limited her availability for suitable work; (2) Hollis was disqualified from receiving unemployment benefits beginning May 4, 2020, because she had been offered suitable work on that date but had refused that offer of work without good cause; and (3) Hollis was disqualified from receiving unemployment benefits beginning August 9, 2020, because she refused an offer for suitable work on that date without showing good cause for that refusal.

Hollis filed an appeal of these decisions to the Appeal Tribunal (Tribunal); in this appeal, she noted her new home address. The Tribunal set a telephone hearing for May 5, 2021, but the notice was sent to her old address. Hollis failed to appear before the Tribunal on the date of the telephone hearing. In a decision mailed to Hollis on May 6, 2021, the hearing officer found that when the nail salon reopened, Hollis told her employer that she would not be returning to work due to COVID-19 and that Hollis, who was not present to present evidence that the condition disqualifying her from benefits no longer existed, had not shown that she was now able and available for suitable work. Hollis was found to be ineligible for benefits from May 1, 2020, through May 5, 2021.

Hollis, through her attorney James A. Simpson, Jr., filed a timely appeal of the Tribunal's decision to the Board. In a decision mailed July 28, 2021, the Board remanded the case to the Tribunal to schedule a reopening hearing to determine if Hollis had good

cause for failing to appear at the May 5, 2021, Tribunal hearing. This order of remand was mailed to the local DWS office, the Tribunal, and Simpson.

The Tribunal mailed a notice of telephone hearing to Hollis at her old address on August 31, 2021, setting the reopening hearing for September 10; copies were also mailed to the local DWS office, the Board, and Simpson. The Tribunal mailed another hearing notice on September 15, 2021, resetting the hearing date for September 27. This notice was mailed to Hollis at her old address, to the local DWS office, to the Board, and to Simpson. The Tribunal mailed another notice on September 19, 2021, to Hollis at her old address, resetting the hearing for October 11, 2021. This notice was also mailed to the local DWS office, the Board, and Simpson.

The reopening hearing was held on October 11; Simpson appeared without Hollis. Simpson informed the Tribunal hearing officer that Hollis's prior address was still being used, which had caused the problems now being addressed; the hearing officer recorded Hollis's new address and stated that it would be corrected. The hearing officer stated that the reopening hearing was limited to the issue of whether Hollis had good cause for failing to appear at the previous Tribunal hearing and would, therefore, be entitled to have the matter reopened. When asked by the hearing officer why Hollis did not appear at the May 5, 2021, hearing, Simpson pointed out that the hearing notice had been sent to Hollis's prior address. He then stated, "There–there were two unemployment cases filed on Ms. Hollis' behalf. When one of those was resolved, we were under the impression that it resolved both cases, and I can't–I–I'd–have to get through–I know we can't–I'll put it this way, it was just

confusion over that other case as to why this one was still pending is the only excuse I can give if there were any late filings." Simpson stated Hollis did not think she had a hearing because she was under the impression that both cases were resolved, and neither he nor Hollis was aware a hearing was scheduled. When the hearing officer asked Simpson which of the three explanations given was the reason Hollis failed to appear at the hearing, Simpson stated, "Look, she was behind the eight ball from this because of the-when these things were mailed and-and she brought them to me, it-it had been mailed to the wrong address. And by the time that they were ever forwarded to her and I got involved, she was no longer needing unemployment, but she did not want to just avoid the cases, so I got involved and I thought that [they] were resolved. And-and to my knowledge, she nor I knew that there was another hearing that day because of the confusion over whether there were two cases that were all resolved at once or not."

The Tribunal decision was issued on October 14, 2021—still bearing Hollis's incorrect previous address—denying Hollis's request to reopen the case. The hearing officer found Simpson failed to understand Hollis had a hearing because he believed all the issues had been resolved at prior hearings but determined that belief did not establish good cause to reopen the matter. A copy of this decision was also sent to the Board and to Simpson.

In a letter dated July 19, 2022, stamped received by the local DWS office on July 19, the Board on July 20, and the Tribunal on July 25, Simpson untimely appealed the October 14 Tribunal decision—as well as several other of Hollis's unemployment cases—to the Board, asking to reopen the matters so that they could be addressed on the merits. Pursuant to

4

*Paulino v. Daniels*, 269 Ark. 676, 599 S.W.2d 780 (Ark. App. 1980), Hollis was afforded a hearing before the Board to explain the reasons behind her late appeal filing from the October 14, 2021, Tribunal decision to the Board and why the late filing was due to circumstances beyond her control. A notice of hearing, dated November 21, 2022, and setting the hearing for December 13, was mailed to Hollis at her new address; copies were also sent to the local DWS office, the Board, and Simpson. Hollis and Simpson both appeared at that hearing.[1]

The staff attorney explained that the sole issue to be decided was whether Hollis's appeal to the Board was timely filed and, if not, whether the untimely filing was a result of circumstances beyond Hollis's control. Simpson explained that the notices continued to be sent to Hollis's old address, despite the fact that DWS had been given her new address, and that he did not know this until July 2022. The staff attorney agreed with Simpson that an incorrect address had been used for Hollis but noted that a copy of the October 14, 2021, decision was also sent to Simpson at his correct office address. When asked why he did not timely appeal the October 14 decision when he received it since it was mailed to his correct address and was addressed to him, Simpson stated that he did not have a copy of that decision; that the mail was not always reliable, and he knew that there had been issues with mail delivery; and that it was possible it was somehow thrown away at his office. At that time, the staff attorney went off the record and listened to the recording of the October 11

---

[1]Hollis informed the staff attorney at this hearing that she had recently moved again and had another new address.

5

Tribunal hearing; when the hearing resumed, the staff attorney stated that at the end of the Tribunal hearing, Simpson was told to contact the Tribunal if he had not received a decision within ten days. She questioned why Simpson had not contacted the Tribunal if he had not received a decision in that time frame; Simpson could not provide an answer, except that he had been on multiple hearings attempting to explain the irregularities that had occurred in the case, and if he had failed somewhere in the process, he asked that he be given one irregularity on Hollis's behalf when there had been so many irregularities in the case.

On December 20, 2022, the Board mailed its opinion dismissing the appeal to Hollis at her correct address. The Board found that the untimely filing was not due to circumstances beyond Hollis's control, stating,

> In this case, as the Appeal Tribunal's decision was mailed to the claimant on October 14, 2021, the claimant had until November 3, 2021, to file the appeal. However, the appeal was not filed until July 19, 2022. The Board notes that the claimant had submitted a timely address change from 508 Wycliffe Searcy, Arkansas, to 12 Southridge Lane, Searcy, Arkansas. However, the Appeal Tribunal decision was mailed to the incorrect address. Normally, the Board would find the claimant had filed her appeal untimely but due to circumstances beyond her control. The difference in this situation though is that the claimant's lawyer, James A. Simpson, made an appearance at that hearing, and a copy of the Appeal Tribunal [decision] was sent to his correct mailing address. Mr. Simpson did not contact the client, and he did not file the appeal. When asked why he did not file the appeal, he could only state that either he did not receive the Appeal Tribunal decision due to problems with the mail or his office received it, and it got put away somewhere. The law presumes that a letter is received by the person to whom it is addressed. *Skaggs v. State*, 287 Ark. 259, 697 S.W.2d 913 (1985); *Moore v. State*, 285 Ark. 321, 686 S.W.2d 790 (1985). While this is a rebuttable presumption, the evidence presented is insufficient to rebut the presumption. Mr. Simpson confirmed the office address the decision was sent to was correct. In addition, the claimant and Mr. Simpson [were] told that if they did not receive a copy of the Appeal Tribunal decision within 10 days of the hearing, they were to contact the Appeal Tribunal to ensure one was mailed to them. Therefore, Mr. Simpson has not shown that he did not receive the decision.

6

In *Springdale Memorial Hospital v. Director of Labor*, 34 Ark. App. 266, 809 S.W.2d 828 (1991), the Arkansas Court of Appeals held it is a rule of general application that a client is bound by the acts of his attorney within the scope of the latter's authority, including the attorney's negligent failure to file proper pleadings. *Allen v. Kizer*, 294 Ark. 1, 740 S.W.2d 137 (1987); *DeClerk v. Tribble*, 276 Ark. 316, 637 S.W.2d 526 (1982). In *Peterson v. Worthen Bank & Trust Co.*, 296 Ark. 201, 753 S.W.2d 278 (1988), the court stated the rules of agency generally apply to the relationship of attorney and client.

The omissions, as well as commissions, of an attorney are to be regarded as the acts of the client whom he represents, and his neglect is equivalent to the neglect of the client himself. *Blackstad Mercantile Co. v. Bond*, 104 Ark. 45, 148 S.W. 262 (1912). Attorney's acts are attributed to the client. Thus, in the absence of fraud, the client is bound, according to the ordinary rules of agency, by the acts, omissions, or neglect, of the attorney within the scope of the latter's authority, *Riley v. Vest*, 235 Ark. 192, 357 S.W.2d 497 (1962); *Beth v. Harris*, 208 Ark. 903, 188 S.W.2d 119 (1945), whether express or implied, apparent or ostensible. In other words, whatever is done in the progress of the cause by such attorney is considered as done by the party and is binding on him.

The fact that proceedings before the Board are less formal than those in courts of law does not alter the responsibility of a client for the acts of his attorney. *Springdale Mem'l Hosp.*, 34 Ark. App. 266, 809 S.W.2d 828. The claimant's attorney, James A. Simpson, is considered by law to have received the Tribunal decision. Mr. Simpson continued to

7

represent the claimant after the hearing, including appearing at the subsequent Board hearing. Therefore, Mr. Simpson's negligence is imputed to the claimant. Thus, the appeal to the Board was untimely filed, and the claimant has not shown that the untimely filing was a result of circumstances beyond her control.

The Board does not have jurisdiction to review the merits of the case if an appeal is not timely filed. *Bennett v. Dir.*, 73 Ark. App. 281, 42 S.W.3d 588 (2001). Therefore, the claimant's appeal to the Board is dismissed on finding that the appeal to the Board was untimely filed and that the claimant has not shown circumstances beyond her control for the delay in filing.

Hollis now appeals that decision to this court.

On appeal of an unemployment-compensation case, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Coleman v. Dir.*, 2023 Ark. App. 290, 668 S.W.3d 540. The Board's findings of fact are conclusive if supported by substantial evidence. *Id.* Substantial evidence is evidence a reasonable mind might accept as adequate to support a conclusion. *Id.* Credibility of witnesses and the weight to be afforded their testimony are matters for the Board to determine. *Id.* Reasons for late filing involve factual issues to be determined by the Board, not this court on appeal. *Id.*

On appeal, Hollis argues that her denial of benefits should be overturned due to the employer's false statement that she refused to return to work. However, Tribunal decisions shall become final unless an appeal is initiated within twenty calendar days after the date of

mailing of the notice to the parties' last known address pursuant to Ark. Code Ann. § 11-10-525. Ark. Code Ann. § 11-10-524(d)(3)(B) (Supp. 2023). In this case, Hollis did not file a timely appeal from the Tribunal's decision to the Board; thus, the only issue before the Board was whether the untimely filing was due to circumstances beyond her control, not the underlying merits of her case.

Hollis argues that the Board's finding that the late filing was not due to circumstances beyond her control "ignored the history of the case and went all the way back to October of 2021 finding that Ms. Hollis' attorney appeared at a hearing but had failed to file a timely appeal from a decision that was not received." This is factually untrue. Hollis's attorney admitted that the decision was mailed to his correct address; he also stated that the decision could have been delivered to his office but had been misplaced. Furthermore, he had no answer when asked by the staff attorney at the hearing before the Board why he had not contacted the Tribunal, as he had been instructed, if he had not received a decision within ten days after the hearing. As stated by the Board in its decision, the law presumes that a letter is received by the person to whom it is addressed, *Skaggs*, *supra*, and in the absence of fraud, the client is bound, according to the ordinary rules of agency, by the acts, omissions, or neglect, of the attorney within the scope of the attorney's authority. *Riley*, *supra*. Simpson did not file a timely appeal, and as Hollis's agent, she is bound by his actions or inactions.

Hollis also argues that her substantial rights were denied throughout this process because she never should have been denied benefits, and the substantive findings against her were a result of the agency's failure to review its own documents and provide proper notice.

This argument ignores the fact that proper notice was provided to Simpson, as her agent, at his correct address, but he failed to file a timely appeal. She was afforded a *Paulino* hearing before the Board—her opportunity to explain why the late filing of her appeal to the Board was due to circumstances beyond her control. The Due Process Clause does not guarantee a party the right to unlimited process, but rather guarantees that a party receives the rudimentary elements of fair play, which have generally been interpreted to mean reasonable notice of the specific charges; the right to employ counsel if so desired; and the opportunity to confront adverse witnesses, to speak in one's own defense, and to call defense witnesses. *Coleman*, *supra*. The issue before the Board and this court is the timeliness of Hollis's appeal to the Board, not the underlying reasons for her separation from her employment. Hollis was present for the hearing before the Board, yet she chose not to testify or to call any witnesses on her behalf. There is no merit to Hollis's claim that her substantial rights were denied throughout the appeals process.

Affirmed.

GLADWIN and GRUBER, JJ., agree.

*Simpson & Simpson*, by: *James A. Simpson, Jr.*, for appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.